STATE v. A. E. SPIVEY.

(Filed 2 February, 1938.)

**1. Criminal Law § 11—Common law misdemeanors punishable by imprisonment in penitentiary under C. S., 4173, are made felonies by C. S., 4171.**

While an attempt to commit a felony is a misdemeanor, when such misdemeanor is infamous, or done in secrecy and malice, or with deceit and intent to defraud, it is punishable by imprisonment in the State's Prison, C. S., 4173, and is made a felony by C. S., 4171, and an attempt to commit the crime against nature, C. S., 4336, is infamous and is punishable by imprisonment in the State's Prison as a felony within the definition of C. S., 4171.

**2. Attorney and Client § 12—Courts have inherent power to disbar attorneys found to be unfit and unworthy to practice law.**

C. S., 204, 205, restricting the power of courts to disbar attorneys, were repealed by sec. 20, ch. 210, Public Laws of 1933, and the statutory method of disbarment, provided by the Act of 1933, is not exclusive, but to the contrary recognizes the inherent power of the courts, and the courts have jurisdiction to order the disbarment of an attorney upon his conviction of an infamous misdemeanor, converted to a felony by C. S., 4171 and 4173.

**3. Attorney and Client § 15—Court has inherent power to order copy of disbarment order to be certified to State granting license by comity.**

When a license to practice law issued by this State is revoked, it is proper for the court to direct that a copy of the judgment and order be certified to a state which had granted the attorney the right to practice therein by comity, the order not purporting to revoke the license granted by such other state.

**4. Same—**

An order disbarring an attorney upon his conviction of a felony is not additional punishment, but is entered as a protection to the public.

APPEAL by the defendant from *Parker, J.,* at May Term, 1937, of DURHAM. No error.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*R. O. Everett and J. Grover Lee for defendant, appellant.*

SCHENCK, J. The defendant was tried upon a bill of indictment charging him with a violation of C. S., 4336, in that he did unlawfully, willfully, and feloniously commit the abominable and detestable crime against nature with mankind, to wit, a thirteen-year-old male person. The jury returned a verdict of "Guilty of an attempt to commit a crime

against nature." The judge sentenced the defendant to confinement in the Central Prison for a period of not less than five nor more than eight years, and entered an order striking the name of the defendant from the roll of attorneys practicing before the courts of the State of North Carolina, and directing that his license to practice law be returned to the Supreme Court which issued it, and directing the clerk to certify a copy of the order of disbarment to the Court of Appeals of the State of Virginia, which had issued, by comity, a license to the defendant to practice law in the courts of the State of Virginia. To the judgment and order of the court the defendant reserved exceptions.

The defendant contends that since he was found guilty of only an attempt to commit the felony against which the statute enveighs, that he was convicted of only a misdemeanor and could not be sentenced to imprisonment in the Central Prison. With this contention we cannot concur.

While a criminal intent to commit a felony accompanied by some act done amounting to an attempt to accomplish the purpose, without doing so, is a misdemeanor, *S. v. Jordan,* 75 N. C., 27, C. S., 4173, reads: "All misdemeanors, where a specific punishment is not prescribed, shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender shall be punished by imprisonment in the county jail or State's Prison for not less than four months nor more than ten years, or shall be fined."

The offense of which the defendant was convicted, namely, an attempt to commit a crime against nature, is infamous, and therefore could be punished by imprisonment in the State's Prison for a period of ten years or less.

C. S., 4171, reads: "A felony is a crime which is or may be punishable by either death or imprisonment in the State's Prison. Any other crime is a misdemeanor." Since the offense of which the defendant was convicted could be punished by imprisonment in the State's Prison, the offense is made a felony by C. S., 4173. "The Code, sec. 1097 (C. S., 4173), provided that misdemeanors created by statute, where no specific punishment was prescribed, should be punished as at common law; and further enacted that as to misdemeanors that were infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender might be punished by imprisonment in the county jail or penitentiary. This, by virtue of the subsequent Act of 1891, ch. 205 (C. S., 4171), made the classes of misdemeanors thus subjected to punishment in the penitentiary, felonies." *S. v. Mallett,* 125 N. C., 718.

The defendant contends that the court exceeded its authority when it ordered that the name of the defendant be "stricken from the rolls of

attorneys practicing before the courts of the State of North Carolina, and that his license to practice law in the State of North Carolina be returned to the Honorable, the Supreme Court of North Carolina, which issued it." With this contention we cannot concur.

As was said in *In the Matter of Ebbs,* 150 N. C., 44, "We do not entertain any doubt that, in the absence of restrictive legislation, the courts have an inherent power to strike from their rolls names of attorneys who are found by reason of their conduct unfit and unworthy members. The decisions to this effect are numerous and uniform." As was also said in *Haywood, Ex parte,* 66 N. C., 1, "The Act of 1871 takes from the court the common-law power to purge the bar of unfit members, except in specified cases, and it fails to provide any other power to be used in its place." The Act of 1871, which became C. S., 204 and 205, was repealed *eo nomine* by section 20, chapter 210, Public Acts 1933, and thereby the restriction upon the inherent power of the courts to strike from the rolls the names of unworthy attorneys was removed.

While the Act of 1933, being an act to organize The North Carolina State Bar, provides a method and procedure for disbarment of attorneys, such method is not exclusive, and does not fetter the courts in the exercise of their inherent power to disbar unworthy attorneys. To remove any doubt as to the method of disbarment of attorneys provided therein being a restriction upon the courts, the Act of 1933 was amended by section 4, chapter 51, Public Laws 1937, by adding thereto section 18a, which reads: "Nothing contained in this act shall be construed as disabling or bridging the inherent powers of the court to deal with its attorneys."

As was said by the present *Chief Justice* in discussing a proceeding brought under the Act of 1933, "There are two methods by which an attorney may be disbarred: (1) The one judicial. *Attorney-General v. Gorson,* 209 N. C., 320, 183 S. E., 392; *Attorney-General v. Winburn,* 206 N. C., 923, 175 S. E., 498; *In re Stiers,* 204 N. C., 48, 167 S. E., 382. (2) The other legislative. *In re Parker,* 209 N. C., 693, 184 S. E., 532; *Committee on Grievances v. Strickland,* 200 N. C., 630, 158 S. E., 110." *In re West,* 212 N. C., 189.

In the *Gorson case, supra,* the license to practice law was revoked of one who had fraudulently concealed from the court the fact that he had been disbarred by the courts of another state, and had fraudulently represented that he had studied law two years in this State to qualify himself to take the examination for license. In the *Winburn case, supra,* the license to practice law granted to Winburn was ordered revoked when it was made to appear that he had made false statements in his application for admission to practice in the Supreme Court of the District of Columbia and in the Supreme Court of the United States.

These proceedings were taken by virtue of the inherent power of the court to revoke a license to practice law of one who has shown himself unworthy of such license.

In the instant case it having appeared to the court that the defendant was guilty of an infamous misdemeanor, converted to a felony by C. S., 4171, and C. S., 4173, the court by virtue of its inherent power was authorized to order his name stricken from the rolls of attorneys and his license to practice law in the State of North Carolina returned to the Supreme Court which issued it.

The order of disbarment is not entered as additional punishment to the defendant, but as a protection to the public against an unworthy practitioner. *In the Matter of Ebbs, supra.*

The order of the court does not purport to revoke the license of the defendant to practice law in the State of Virginia, but simply directs that a copy of its judgment and order be certified to the Supreme Court of Virginia. This the court was authorized to do by virtue of its inherent power, since it was made to appear that the defendant had been granted license in the State of Virginia by comity to the State of North Carolina.

In the judgment and order of the Superior Court we find
No error.