STATE v. WILLIAM ROBERT McNEELY.

(Filed 7 November, 1956.)

**1. Criminal Law § 79—**

    Exceptions not set out in the brief and in support of which no reason or argument is stated or authority cited are taken as abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 53d—**

    The failure of the court to define "an attempt" to commit the offense will not be held for prejudicial error when the term is used in accordance with its ordinary meaning and is clearly understandable.

24—244

**3. Criminal Law § 53g—**

The court is not required to charge the jury as to a less degree of the crime when there is no evidence of guilt of a less degree.

**4. Robbery § 3—**

Where, upon indictments charging robbery, the court submits the case to the jury on the less degree of an attempt to commit the offenses, the failure of the court to submit the question of defendant's guilt of assault will not be held for error when defendant makes no contention and introduces no evidence and fails to request instructions in regard to guilt of assault.

**5. Same: Criminal Law § 54b—**

In this prosecution on indictments charging robbery, the case was submitted to the jury solely on the question of defendant's guilt of an attempt to commit the offenses. *Held:* A verdict of guilty as charged will be interpreted in the light of the facts in evidence and the charge of the court, and is sufficient to support the judgment.

**6. Robbery § 1a—**

Robbery at common law is the felonious taking of money or goods of any value from the person of another or in his presence against his will, by violence or by putting him in fear, and is an infamous crime.

**7. Criminal Law § 2—**

An attempt to commit an offense is composed of an intent to commit the crime, together with a direct ineffectual act done towards its commission.

**8. Criminal Law § 3: Robbery § 3—**

An attempt to commit the crime of robbery is an infamous crime punishable as provided in G.S. 14-3.

JOHNSON, J., not sitting.

APPEAL by defendant from *Rudisill, J.,* at February Term 1956, of MECKLENBURG.

Criminal prosecution upon two bills of indictment numbers 23785 and 23786, each containing two counts, the first of which in each bill pertains to robbery with firearms, one in respect to Henry Jay Plummer, and the other to John Riley Johnson; and the second count in each bill pertains to common law robbery, one in respect to said Plummer and the other to Johnson, consolidated for purpose of trial. Defendant pleaded not guilty.

And upon trial in Superior Court, and when the State had finally rested its case, the trial court (1) allowed motion of defendant for judgment as of nonsuit as to the first charge, armed robbery, in each bill of indictment, and (2) ruled that the case "could go to the jury on the common law theory of robbery on the matter of attempt"; and in accordance therewith the trial judge instructed the jury that he was sub-

mitting the case to the jury "as to the charge of common law robbery, that is, the attempt to rob."

The record of case on appeal shows that the case was submitted to the jury upon the contention of the State, on the one hand, that the verdict of the jury in each case should be guilty of an attempt to rob, and upon the contention of the defendant, on the other hand, that he did not attempt to rob, the jury should return a verdict of not guilty. The court charged in accordance with these respective contentions.

Verdict: Guilty as charged.

Judgment: That defendant be confined in the State Prison, in No. 23785, for a term of not less than 7 nor more than 10 years at hard labor, and, in No. 23786, for a term of not less than five nor more than 7 years, the latter to begin at the expiration of the former sentence.

Defendant excepted thereto, and appeals to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Charles V. Bell and Peter H. Bell for Defendant Appellant.*

WINBORNE, C. J. The record of the case on appeal here presented discloses assignments of error substantially as follows:

Numbers 1 and 2 are directed to exceptions to two portions of the charge given to the jury. It is noted, however, that in brief filed in this Court neither of the exceptions to the designated portions of the charge is set out by appellant, nor is reason or argument stated or authority cited in support of them. Hence the assignments of error are taken as abandoned by appellant. Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 544, at 562. Nevertheless, reading the charge as a whole, prejudicial error in the portions covered by the exceptions is not made to appear.

Number 3 is based upon Exception No. 3 to the action of the court "in failing to charge the jury on the law applicable to the case as required by G.S. 1-180" in five particulars:

(a) As the law applies to an attempt to commit robbery. In North Carolina it is provided by statute, G.S. 15-170, that "upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." In accordance with this statute, and in the light of the evidence in the case, the trial judge ruled that the only issue in the case was whether or not defendant was guilty of an attempt to commit common law robbery. While the judge did not define in detail what is meant by "an attempt to commit robbery," the language used is accordant

with ordinary meaning of the word attempt, and is clearly understandable. *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465. Indeed, defendant was not contesting the meaning of the term.

(b) and (c) : As to assault, and as to the return of verdict of assault or simple assault: The principle upon which a defendant may be convicted of a less degree of the crime charged in the bill of indictment applies only where there is evidence of guilt of a less degree. *S. v. Spain,* 201 N.C. 571, 160 S.E. 825. Here the trial judge ruled that under the evidence in the case defendant was guilty, if at all, of an attempt to commit common law robbery. And where all the evidence tends to show that the crime of an attempt to commit common law robbery, a lesser degree of the crime alleged in the bill of indictment, and defendant relies upon another defense, and does not contend that he might be found guilty of a lesser degree of the crime, and introduces no evidence to that effect, and makes no request that the court instruct the jury thereon, the failure of the court to so instruct the jury will not be held for error. *S. v. Jackson,* 199 N.C. 321, 154 S.E. 402.

(e) As to verdict of guilty as charged "when . . . defendant was not charged with an attempt to commit robbery." As hereinabove stated a verdict of guilty of an attempt to commit robbery is permissible under a bill of indictment charging common law robbery. G.S. 15-170. "It is the rule with us, both in civil and criminal actions," as declared by *Stacy, C. J.,* writing for the Court in *S. v. Whitley,* 208 N.C. 661, 182 S.E. 338, "that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admission of the parties, and the charge of the court," citing *S. v. Snipes,* 185 N.C. 743, 117 S.E. 500, and many other cases. See also *Jernigan v. Jernigan,* 226 N.C. 204, 37 S.E. 2d 493; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764, and cases cited. Tested by this standard, it would seem that the verdict as recorded is responsive to the charge in the light of the evidence, and is sufficient to support the judgment.

Reverting to (d)—That the court committed error in pronouncing judgment on the verdict of the jury: In this connection this Court in *S. v. Hare,* 243 N.C. 262, 90 S.E. 2d 550, in opinion by *Denny, J.,* declared that "At common law an attempt to commit a felony was a misdemeanor," and that "our law in this respect remains unchanged *except where otherwise provided by statute,"* citing *S. v. Spivey,* 213 N.C. 45, 195 S.E. 1, and *S. v. Surles,* 230 N.C. 272, 52 S.E. 2d 880.

And it is provided by statute G.S. 14-3 that "All misdemeanors, where a specific punishment is not prescribed shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except where the offense is a conspiracy to commit a misdemeanor, be

guilty of a felony and punished by imprisonment in the county jail or State Prison for not less than four months nor more than ten years."

It appears that defendant was sentenced under this statute, G.S. 14-3.

The question then is whether an attempt to commit the crime of robbery is an infamous crime.

Robbery at common law is the felonious taking of money or goods of any value from the person of another or in his presence against his will, by violence or putting him in fear. *S. v. Burke,* 73 N.C. 83; *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834. Common law robbery, therefore, is a felony, and an infamous crime. *U. S. v. Evans,* 28 D.C. 264, cited in Anno. 24 A.L.R. 1016.

Moreover, "An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission . . . 'An indictable attempt, therefore, consists of two important elements: (1) An intent to commit the crime, and (2) a direct ineffectual act done toward its commission.' " *S. v. Surles, supra,* and cases cited.

Hence in the light of the principle discussed and applied in *S. v. Surles, supra,* this Court holds that an attempt to commit the offense of common law robbery is an infamous crime,—and punishable as provided in G.S. 14-3.

After careful consideration of all points raised or attempted to be raised by appellant on this appeal, sufficient reason is not shown for disturbing the verdict and judgment in the case.

No error.

JOHNSON, J., not sitting.