STATE OF NORTH CAROLINA v. CHARLIE JOHNSON MANN

No. 8515SC538

(Filed 5 November 1985)

Criminal Law § 4; Robbery § 6.1— solicitation to commit robbery—not "infamous" misdemeanor

Solicitation to commit common law robbery is not an "infamous" misdemeanor punishable as a Class H felony under G.S. 14-3(b) since the element of an overt act done toward the commission of the felony is absent in such crime.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 25 May 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 28 October 1985.

Defendant was indicted for solicitation to commit robbery. After a trial by jury, defendant was found guilty as charged. From a judgment imposing a seven year prison sentence for conviction of a Class H felony under G.S. 14-3, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Evelyn M. Coman, for the State.*

*Assistant Appellate Defender David W. Dorey, for defendant, appellant.*

HEDRICK, Chief Judge.

By his first assignment of error argued on appeal, defendant contends that the trial court erred in sentencing him to a seven year prison term, because the offense of which defendant was convicted, solicitation to commit common law robbery, is not an "infamous" misdemeanor punishable as a Class H felony. We agree.

G.S. 14-3 provides for the punishment of misdemeanors for which no specific punishment is otherwise prescribed by statute. Subsection (b) of this statute provides that an "infamous" misdemeanor is a Class H felony, which is punishable by a maximum prison term of ten years and a presumptive term of three years. A misdemeanor which does not fall within the category of infamous misdemeanors is punishable by fine, imprisonment not to exceed two years, or both, pursuant to G.S. 14-3(a).

G.S. 14-3(b) and the reported cases do not establish with certainty what misdemeanors may be designated and punished as "infamous." *State v. Keen,* 25 N.C. App. 567, 214 S.E. 2d 242 (1975). In determining whether an offense falls within the class of misdemeanors punishable under G.S. 14-3(b), we must bear in mind the general rule of statutory construction that criminal statutes are to be strictly construed against the State. *State v. Hageman,* 307 N.C. 1, 296 S.E. 2d 433 (1982).

In *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880 (1949), the Supreme Court held that attempted burglary is infamous because it is "an act of depravity; it involves moral turpitude, reveals a heart devoid of social duties and a mind fatally bent on mischief." *Id.* at 277, 52 S.E. 2d at 883. The Court reasoned that in light of G.S. 14-3(b), which punishes misdemeanors as felonies, the meaning of "infamous" must be determined with reference to the degrading nature of the offense and not to the measure of punishment.

Common law robbery is an infamous crime which consists of the felonious taking of money or goods of any value from the per-

son of another or in his presence against his will, by violence or putting him in fear. *State v. McNeely*, 244 N.C. 737, 94 S.E. 2d 853 (1956). An attempt to commit a common law robbery is also an infamous crime because "[a]n attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission. . . ." *Id.* at 741, 94 S.E. 2d at 856.

In *State v. Tyner*, 50 N.C. App. 206, 272 S.E. 2d 626 (1980), *disc. rev. denied*, 302 N.C. 633, 280 S.E. 2d 451 (1981), this Court held that solicitation to commit a crime against nature is not an infamous misdemeanor, although a crime against nature is an infamous offense and an attempt to commit a crime against nature is infamous within the meaning of G.S. 14-3. The Court contrasted solicitation to commit a felony with an attempt to commit a felony: solicitation consists of counseling, enticing, or inducing another to commit a crime and is complete with the act of solicitation, while an attempt involves an intent to commit the felony and an overt act towards its commission. Since the crime of solicitation, unlike attempt, does not require an overt act, the Court held that the two offenses are separate and distinct and, therefore, that solicitation to commit a crime against nature is not an "infamous misdemeanor" punishable under G.S. 14-3(b).

In light of the reasoning applied in *State v. Tyner*, we do not believe that the solicitation to commit common law robbery falls within the class of misdemeanors punishable as felonies under G.S. 14-3(b). The element of an overt act done towards the commission of the felony, which compelled the Court in *State v. McNeely* to hold that an attempt to commit a common law robbery is an infamous misdemeanor, is absent in the crime of solicitation to commit common law robbery.

Defendant contends that the trial judge coerced a verdict by instructing the jury to continue deliberations when the foreman indicated that they had been unable to reach a verdict. We have examined this contention and find it without merit. G.S. 15A-1235.

We find no error in the trial of this case; but the case is remanded to superior court for resentencing as a misdemeanor.

No error in part; remanded in part.

Judges EAGLES and MARTIN concur.