STATE OF NORTH CAROLINA v. ADAM GLIDDEN

No. 692PA85

(Filed 12 August 1986)

**Anonymous Threats § 1— transmitting unsigned threatening letters—secrecy and malice—not felonious**

> In a prosecution for secretly and maliciously transmitting unsigned threatening letters, the trial court's judgment sentencing defendant as a felon was vacated and the case was remanded for sentencing as a misdemeanor because N.C.G.S. § 14-3(b), which raises to felonies misdemeanors which are infamous or done in secrecy and malice, does not convert a violation of N.C.G.S. § 14-394 into a felony in any case. The crime of transmitting an unsigned threatening letter is not such an act of depravity as to be an infamous offense; does not fall within that class of offenses which are by definition done in secrecy and malice because, although the letters are required to be unsigned, the sender is not required to have maintained privacy or concealed his identity; and it is entirely possible for such an offense to be committed without deceit and intent to defraud.

Justice MEYER concurring.

ON discretionary review of the decision of the Court of Appeals, 76 N.C. App. 653, 334 S.E. 2d 101 (1985), which found no error in the defendant's trial before *Tillery, J.*, at the 5 September 1983 session of Superior Court, NEW HANOVER County. Heard in the Supreme Court 12 May 1986.

*Lacy H. Thornburg, Attorney General, by G. Patrick Murphy, Assistant Attorney General, for the State.*

*Shipman & Lea, by Gary K. Shipman and James W. Lea, III, for the defendant appellant.*

MITCHELL, Justice.

The issue before this Court is whether the misdemeanor of transmitting an unsigned threatening letter in violation of N.C.G.S. § 14-394 is an offense which is made a felony by N.C.G.S. § 14-3(b). We conclude that the transmitting of such a letter does not fall within any of the classes of misdemeanors made felonious by N.C.G.S. § 14-3(b). Accordingly, we reverse the decision of the Court of Appeals.

After a presentment by the grand jury, the defendant was indicted for fourteen counts of feloniously, in secrecy and malice, transmitting unsigned threatening letters between the dates of 30 July 1982 and 18 February 1983. He was convicted by a jury of ten felony counts of transmitting unsigned threatening letters in violation of N.C.G.S. § 14-394 and N.C.G.S. § 14-3(b). The trial court sentenced him to a presumptive term of three years on each count, combined into two groups of concurrent sentences totaling an active sentence of six years.

The State prosecuted the defendant and obtained his felony convictions by relying on the combined effect of N.C.G.S. § 14-394 and N.C.G.S. § 14-3(b). The first statute, N.C.G.S. § 14-394, makes it unlawful to write and transmit an unsigned threatening letter. Standing alone, such an offense is a misdemeanor. *State v. Glidden*, 76 N.C. App. at 654, 334 S.E. 2d at 101; N.C.G.S. § 14-1 (1981). By alleging that the offense was committed "in secrecy and malice," the State was able to elevate the offense and procure felony convictions under N.C.G.S. § 14-3(b). That statute provides:

> If a misdemeanor offense as to which no specific punishment is prescribed be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall, except where the offense is a conspiracy to commit a misdemeanor, be guilty of a class H felony.

N.C.G.S. § 14-3(b) (1981).

The defendant appealed to the Court of Appeals contending that his equal protection and due process rights were violated when the State charged him with felonies by combining the two statutes. The defendant first contended that the elements of secrecy and malice are inherent in both statutes. The defendant contended that where the same act is punishable either as a fel-

ony or a misdemeanor, and the elements essential to a conviction of either are exactly the same, a conviction under the felony statute works a denial of both due process and equal protection. He argued that since the elements of both statutes are the same, the prosecutor has absolute discretion to decide whether a violation is a misdemeanor or a felony, resulting in an equal protection violation. He also argued that the combination of the two statutes results in an ambiguous and vague sentencing provision in violation of due process.

The Court of Appeals rejected each of the defendant's constitutional arguments. Relying on *United States v. Batchelder*, 442 U.S. 114, 60 L.Ed. 2d 755 (1979), it held that the State may elect to prosecute for either a felony offense under the combined statutes or the misdemeanor offense proscribed in N.C.G.S. § 14-394 alone.

Although we find error and reverse the Court of Appeals' decision in the present case, we do not do so on constitutional grounds. We do not address or decide the constitutional issues raised by the defendant. Instead, we hold that N.C.G.S. § 14-3(b) does not convert a violation of N.C.G.S. § 14-394 into a felony in any case.

The majority of cases considering N.C.G.S. § 14-3(b) have involved a solicitation or attempt to commit some specific criminal offense which the State contended was an "infamous offense" and, therefore, a felony under the terms of this statute, *E.g., State v. Mann*, 317 N.C. 164, 345 S.E. 2d 365 (1986) (solicitation to commit common law robbery is infamous crime); *State v. Hageman*, 307 N.C. 1, 296 S.E. 2d 433 (1982) (attempted receipt of stolen property is not infamous); *State v. Harward*, 264 N.C. 746, 142 S.E. 2d 691 (1965); *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496 (1964) (attempt to commit armed robbery is infamous offense); *State v. McNeely*, 244 N.C. 737, 94 S.E. 2d 853 (1956) (attempt to commit common law robbery is infamous offense); *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880 (1949) (attempt to commit first degree burglary is infamous offense); *State v. Spivey*, 213 N.C. 45, 195 S.E. 1 (1938) (attempt to commit crime against nature is infamous offense). *See State v. Page*, 32 N.C. App. 478, 232 S.E. 2d 460, *disc. rev. denied*, 292 N.C. 643, 235 S.E. 2d 64 (1977) (attempt to obtain property by false pretenses is necessarily done with in-

tent to deceive). *See generally* Note, *Criminal Law—Infamous Offenses—Attempted Burglary Punishable as a Felony*, 28 N.C. L. Rev. 103 (1949) (historical discussion).

In determining whether an offense is "infamous" and shall be punished as a felony for that reason under N.C.G.S. § 14-3(b), this Court has consistently looked to the nature of the offense. *Id.* In the most recent case considering that issue, we stated that: "A crime is 'infamous' within the meaning of the statute if it is an act of depravity, involves moral turpitude, and reveals a heart devoid of social duty and a mind fatally bent on mischief . . . ." *State v. Mann*, 317 N.C. at 170, 345 S.E. 2d at 369. The "infamous" nature of the offense was the determinative consideration rather than the particular circumstances of the individual case. It suffices to say that we conclude that the crime of transmitting an unsigned threatening letter is not such an act of depravity as to be an "infamous" offense made felonious by N.C.G.S. § 14-3(b).

We turn then to consider whether the offense of transmitting an unsigned threatening letter falls within the other classes of misdemeanors made felonious by N.C.G.S. § 14-3(b). We conclude that it does not.

In *State v. Hageman*, 307 N.C. 1, 296 S.E. 2d 433 (1982), this Court considered whether the attempted receipt of stolen property fell within one of the three classes of misdemeanors made felonies by N.C.G.S. § 14-3(b). We first determined that the offense of attempting to receive stolen property is not of such a degrading nature as to be classified as an "infamous" crime under N.C.G.S. § 14-3(b). 307 N.C. at 9, 296 S.E. 2d at 439. We next considered whether the offense could fall within the remaining two classes. In construing the meaning of the words "done in secrecy and malice" and "with deceit and intent to defraud," as used in the statute, we adopted that part of the dissent of Justice Ervin in *State v. Surles*, 230 N.C. 272, 284, 52 S.E. 2d 880, 888 (1949), where he wrote:

> When the Legislature used the words "done in secrecy and malice, or with deceit and intent to defraud," to describe the second and third classes of aggravated offenses included in the statute now codified as G.S. 14-3, its manifest purpose was to describe offenses in which either secrecy and malice,

or the employment of deceit with intent to defraud are ele-
ments necessary to their criminality as defined by law.

307 N.C. at 9, 296 S.E. 2d at 438-39. We then held that the offense
of attempted receipt of stolen property did not include secrecy,
malice, deceit or intent to defraud as *necessary* elements of the
crime.

In determining whether a misdemeanor is an offense "done in
secrecy and malice," then, the courts must apply a *definitional
test* and determine whether both "secrecy and malice" are neces-
sary or inherent elements of the offense. This approach is consist-
ent with the general rule that criminal statutes are to be strictly
construed against the State. *State v. Hageman*, 307 N.C. at 9, 296
S.E. 2d at 438; *State v. Ross*, 272 N.C. 67, 157 S.E. 2d 712 (1967).
Further, this approach is mandated by *Hageman*.

Having set forth the proper test, we conclude that the of-
fense of transmitting unsigned threatening letters does not fall
within that class of offenses which are by definition "done in
secrecy and malice" and, therefore, felonies. Secrecy is not an ele-
ment inherent in the offense. Secrecy is defined as "the habit or
practice of keeping secrets or maintaining privacy or conceal-
ment." *Webster's Ninth Collegiate Dictionary*, 1061 (1984).
Although N.C.G.S. § 14-394 requires that the threatening letters
be unsigned, it does not require that the sender have maintained
privacy or concealed his identity in order to be convicted. The
sender could transmit an unsigned threatening letter while at the
same time exposing his identity. The threatening letter could con-
tain clues allowing for the unmistakable identification of the
sender, such as personal facts and recognizable handwriting. Like-
wise, the sender could hand deliver the unsigned letter thereby
destroying any possibility of anonymity and secrecy. The sender
could easily violate N.C.G.S. § 14-394 by transmitting an unsigned
threatening letter without maintaining secrecy. Therefore, we
conclude that the offense of transmitting unsigned threatening
letters does not by definition include the elements of secrecy *and*
malice.

For similar reasons, the offense of transmitting unsigned
threatening letters does not fall within the third class of misde-
meanors made felonious by N.C.G.S. § 14-3(b). It is entirely pos-
sible for such an offense to be committed without "deceit and

intent to defraud." Therefore, such offenses are not by definition done "with deceit and intent to defraud" and are not elevated to the level of felonies on that basis.

A prosecutor has neither the discretion nor the authority, under either N.C.G.S. § 14-394 or N.C.G.S. § 14-3(b), to charge a person with *feloniously* transmitting unsigned threatening letters. The trial court erred in the present case by entering its judgment punishing the defendant as a felon under N.C.G.S. § 14-3(b).

For the foregoing reasons, the trial court's judgment sentencing the defendant as a felon must be vacated. The case must be remanded to the Superior Court, New Hanover County, for judgment and sentencing as a misdemeanor pursuant to N.C.G.S. § 14-3(a). *State v. Hageman*, 307 N.C. 1, 10, 296 S.E. 2d 433, 439 (1982). Accordingly, the decision of the Court of Appeals is reversed, and the judgment of the trial court is vacated. This case is remanded to the Court of Appeals for its further remand to the Superior Court, New Hanover County, for further proceedings consistent with this opinion.

Reversed, judgment vacated, and remanded.

Justice MEYER concurring.

Although I agree with the result reached by the majority, I cannot subscribe to its rationale. The "definitional test" so readily adopted by the majority to determine whether a misdemeanor may be "elevated to the level of felon[y]" raises the very constitutional principles the majority refuses to address and its application defies logic and common sense.

This case requires the construction of several statutes and therefore requires an examination of legislative intent. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). Legislative intent may be ascertained from the words as well as the nature and purpose of the statute and the consequences which would follow from a construction one way or another. *Campbell v. Church*, 298 N.C. 476, 259 S.E. 2d 558 (1979).

The substantive offense with which the defendant was charged is set out in N.C.G.S. § 14-394:

It shall be unlawful for any person, . . . under whatever name styled, to write and transmit any letter, note, or writing . . . without signing his . . . true name thereto, threatening any person . . . with any personal injury or violence or . . . using . . . any language or threats of any kind . . . calculated to intimidate or place in fear any such persons . . . as to their personal safety . . ., or using vulgar or obscene language, or using such language which if published would bring such persons into public contempt and disgrace, and any person . . . violating the provisions of this section shall be fined or imprisoned, or both, in the discretion of the court.

N.C.G.S. § 14-394 (1981).

The offense described by the words of that statute is a misdemeanor by operation of N.C.G.S. § 14-1 (an offense is a misdemeanor unless (1) it was a felony at common law, (2) it is punishable by death, (3) it is punishable by imprisonment in the state prison, or (4) it is denominated as a felony by statute). *See also State v. Robbins*, 253 N.C. 47, 116 S.E. 2d 192 (1960). However, N.C.G.S. § 14-394 does not prescribe "specific punishment." Section 14-394 is, therefore, "a misdemeanor offense as to which no specific punishment is prescribed." N.C.G.S. § 14-3(b) (1981). That latter statute provides that violators of such offenses shall "be guilty of a class H felony" if such misdemeanor offenses "*be* infamous, *done* in secrecy and malice, or with deceit and intent to defraud." *Id.* (emphasis added).

The words of § 14-3(b) call for two different tests, depending upon which of the three prongs is being considered. A "definitional test" is applied in order to determine, for purposes of § 14-3(b), if an offense "*be* infamous." The definitional test requires an examination of the *nature* of the offense *itself* without consideration of the circumstances under which it was committed. *See, e.g., State v. Mann*, 317 N.C. 164, 345 S.E. 2d 365 (1986); *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496 (1964); *State v. Spivey*, 213 N.C. 45, 195 S.E. 1 (1938). The test is objective; an offense either "*be* infamous" or not. I agree with the majority that transmitting unsigned threatening letters is not infamous as that legal concept has been variously defined. *See, e.g., State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880 (1949) (Ervin, J., dissenting).

The second and third prongs of § 14-3(b) call for an entirely different inquiry. The words of that statute ask whether the offense was "*done* in secrecy and malice, or [*done*] with deceit and intent to defraud." Whether or not an act was *done* in some specific manner or *done* with a specific state of mind depends upon subjective factors to be examined on a case-by-case factual or "transactional" basis.

All but two of the cases cited by the majority in support of its blanket adoption of a "definitional test" for § 14-3(b) are cases examining the *first* prong of § 14-3(b): whether an offense "be infamous." The majority opinion in *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880, although concerned primarily with the "infamous" nature of attempted burglary, notes almost in passing that "[s]ecrecy is implicit in an act which must be done in the nighttime." *Id.* at 277, 52 S.E. 2d at 884. The only other case cited by the majority in which the second or third prong was the basis of decision was *State v. Page*, 32 N.C. App. 478, 232 S.E. 2d 460, *disc. rev. denied*, 292 N.C. 643, 235 S.E. 2d 64 (1977), in which the Court of Appeals held that "[a]ny attempt to obtain property by false pretenses necessarily is done with intent to deceive. By its plain language G.S. 14-3(b) makes any attempt to obtain property by false pretenses a felony." *Id.* at 481, 232 S.E. 2d at 462.

By adopting a definitional test for the application of the second and third prongs of § 14-3(b), the majority has, in essence, held that, although the legislature might define as a misdemeanor a substantive offense which includes as essential elements that it was committed in secrecy and malice, the offender may be convicted of a class H felony by superimposing § 14-3(b), depending on whether or not the prosecutor elects to punish the offender as a felon or is aware that such an "elevation" is possible. The definitional application of the latter two prongs of § 14-3(b) would require the prosecutor merely to prove the essential elements of the substantive statutory misdemeanor in order to convict the defendant of a class H felony. If a prosecutor were not aware of § 14-3(b) or elected for whatever reason not to employ it, he or she would proceed toward a misdemeanor conviction on the face of the plain words of the substantive statute. This amounts to a situation in which the identical conduct of a defendant may result in his conviction either for a two-year misdemeanor or a presumptive three-year felony, depending solely on the unchecked discre-

tion of the prosecutor or his unfamiliarity with § 14-3(b). It is inconceivable to me that our legislature intentionally would define specific conduct as a misdemeanor in one breath and, in the next, provide that it be punishable as a class H felony.

A hypothetical example of the operation of the majority's reasoning might be helpful:

Statute X sets out the following elements of a misdemeanor but does not provide for specific punishment:

(1) Taking and carrying away

(2) the family pet

(3) of another

(4) in secrecy

(5) and with malice.

Because the defendant is angry with his neighbors for playing their stereo too loud, he enters the yard of his neighbor at night wearing dark clothing and a mask and places the neighbor's family pet, Fifi the Poodle, in a burlap sack, carries it away, and releases it in the next county. Defendant is arrested and charged, pursuant to Statute X and § 14-3(b).

If the prosecutor proves each and every element of the *misdemeanor* defined in Statute X, defendant, by the majority's interpretation of § 14-3(b), is guilty of a class H felony. By this interpretation, the majority holds that the legislature has defined the above conduct as a substantive misdemeanor, yet it has provided that one who violates the substantive statute is guilty of a class H felony by operation of a non-substantive statute, § 14-3(b), if the prosecutor proves *no more than* each essential element of the substantive misdemeanor!

It defies logic and common sense to hold that the legislature intended this result. If the legislature intended that violators of Statute X be convicted as class H felons, why would it label the conduct proscribed by Statute X as a misdemeanor? I believe that the legislature intended to raise to the level of a felony only those misdemeanors which do *not* have as necessary elements secrecy and malice or fraud and deceit, but which are "done" with those

additional characteristics, i.e., in the manner described in either the second or third prong of § 14-3(b).

Beyond the incongruous result of the majority's interpretation, it squarely raises constitutional issues of due process and questions of statutory ambiguity raised by the defendant in the instant case yet found by the majority unnecessary to address.

The majority's interpretation of the operation of § 14-3(b) would allow a prosecutor arbitrarily to elect to pursue a felony conviction for an offense, *defined* by the substantive statute *as a misdemeanor*, which requires proof of the very elements by which it may be "elevated" to felony status. There would be no substantive distinction between the statutorily defined misdemeanor and its "elevation" to a class H felony by operation of § 14-3(b). Viewed another way, every misdemeanor which contains the elements of "secrecy and malice," but for which specific punishment is not prescribed, automatically becomes a class H felony, *despite* the legislative designation of the offense as a misdemeanor; the misdemeanor designation is meaningless. I believe that such a scheme raises serious constitutional questions about vagueness, ambiguity, and notice of how prohibited conduct is punishable.

As chronicled in Justice Ervin's lengthy dissent in *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880, § 14-3(b) is of ancient origin; its ancestors have been applied in situations no longer a part of our criminal justice system. It is a vestige of the common law which provided no specific punishment for attempts to commit well-recognized criminal offenses. *See id.* at 279, 52 S.E. 2d at 885. I admit that I question its modern viability. However, assuming its constitutionality as well as its viability, I perceive that if § 14-3(b) were to be applied to a violation of N.C.G.S. § 14-394, it would operate as follows:

Section 14-394, standing alone, is a general misdemeanor by operation of § 14-1. Section 14-394 does *not* contain as essential elements that the prohibited act be committed in secrecy or with malice. *For that reason*, a prosecutor may elect to charge an offender with a misdemeanor violation and, at trial, must prove only each and every essential element set out in § 14-394. Upon conviction, the offender will be guilty of the general misdemeanor. However, a prosecutor, upon a belief that the offense

described in § 14-394 was committed in secrecy and with malice, may indict an offender with a felony violation of that statute by operation of § 14-3(b). The indictment would have to allege that it charged a felony violation of § 14-394 because it was committed in secrecy and with malice. At trial, the prosecutor would be required to prove beyond a reasonable doubt each and every element of the offense described in § 14-394 *as well as* the *additional elements* of secrecy and malice. Upon such proof, the offender would stand convicted of a class H felony and be punished accordingly. Failure of the prosecutor to prove the additional elements of secrecy and malice would result in a conviction of the lesser-included misdemeanor, § 14-394. The felony offense and the misdemeanor offense do *not* punish identical conduct differently; a felony conviction requires proof of *two* additional elements.

This procedure is not susceptible of an equal protection or due process challenge for the same reasons that an indictment for first-degree burglary as opposed to one for second-degree burglary is not constitutionally infirm. First-degree burglary involves the allegation and proof of the *additional* element that the house was actually occupied at the time of the crime; the "degree" of the offense charged and tried depends upon the facts of the case. Here, if the facts proved a secret and malicious transmission of unsigned threatening letters, a felony indictment and conviction would be appropriate. Because I believe that the facts proved in the instant case failed to show secrecy, at least, I agree that this defendant was wrongly convicted of the felony.

In summary, I believe that the majority reached the right result for the wrong reasons. I also believe that the confusion engendered by § 14-3(b) bears witness to the need for legislative reconsideration in light of its continuing attempts to provide a sensible, systematic codification of our criminal law and an attendant cohesive, comprehensive scheme for the punishment of criminal offenses.