IN THE MATTER OF: HAYWARD ROBINSON A/K/A HAYWOOD ROBINSON

No. COA04-956

(Filed 2 August 2005)

**Criminal Law— expungement of criminal records—multiple unrelated charges**

The plain language of N.C.G.S. § 15A-146 does not allow expungements of the records of multiple unrelated dismissed charges for offenses occurring over a number of years, and the trial court here erred by expunging six separate offenses from petitioner's record.

Judge TYSON dissenting.

On writ of certiorari from order entered 25 November 2002 by Judge Joseph Williams in Anson County District Court. Heard in the Court of Appeals 9 May 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Ashby T. Ray, for the State.*

*No brief filed for petitioner-appellee.*

MARTIN, Chief Judge.

The State of North Carolina applied for writ of certiorari to review an order of the trial court expunging six separate charged offenses from the record of petitioner. A unanimous panel of this Court allowed the petition by order dated 18 May 2004. Upon review, we reverse the order of the trial court.

On 18 July 2002, petitioner filed six "Requests and Reports Convictions/Expunctions Dismissals and Discharge" in the Anson County District Court, seeking expungement of six separate criminal

---

**IN RE ROBINSON**

[172 N.C. App. 272 (2005)]

charges pursuant to section 15A-146 of the North Carolina General Statutes. Specifically, petitioner sought to expunge the following: (1) an arrest and charge of DWI on 31 December 1994; (2) charges for two counts of robbery with a dangerous weapon on 9 February 1995; (3) an arrest and charge of DWI and no insurance on 17 October 1997; (4) an arrest and charge of expired registration card/tag on 12 June 1999; and (5) an arrest and charge of expired registration card/tag and expired inspection sticker on 20 May 2000. Petitioner verified that each of the charges had ultimately been dismissed. The State Bureau of Investigation ("SBI") and the Office of Administrative Courts also certified that petitioner did not have a felony record and had received no previous expungement.

The matter came before the trial court on 14 November 2002. Upon reviewing the petition, arguments by counsel, as well as a written objection by the respondent State, the trial court entered an order granting expungement of all six charges. The State failed to timely appeal the order of the trial court. On 18 May 2004, this Court entered an order allowing the State's petition for writ of certiorari for the purpose of reviewing the order of expungement.

We review the present case to address the narrow issue of whether section 15A-146 allows the expungement of multiple charges which neither arose from the same facts and circumstances nor were consolidated for judgment. We hold it does not and therefore reverse the order of the trial court.

Section 15A-146 of the North Carolina General Statutes provides for the expunction of records when charges are dismissed or there are findings of not guilty as follows:

(a) If any person is charged with a crime, either a misdemeanor or a felony, or was charged with an infraction under G.S. 18B-302(i) prior to December 1, 1999, and the charge is dismissed, or a finding of not guilty or not responsible is entered, that person may apply to the court of the county where the charge was brought for an order to expunge from all official records any entries relating to his apprehension or trial. The court shall hold a hearing on the application and, upon finding that the person had not previously received an expungement under this section, G.S. 15A-145, or G.S. 90-96, and that the person had not previously been convicted of any felony under the laws of the United States, this State, or any other state, the court shall order the expunction. No person as to whom such an order has been entered shall be

held thereafter under any provision of any law to be guilty of perjury, or to be guilty of otherwise giving a false statement or response to any inquiry made for any purpose, by reason of his failure to recite or acknowledge any expunged entries concerning apprehension or trial.

N.C. Gen. Stat. § 15A-146(a) (2003). "G.S. § 15A-146 authorizes the court, in certain instances, to order expunction from all official records of entries relating to the arrest or trial of a person seeking the order." *State v. Jacobs*, 128 N.C. App. 559, 569, 495 S.E.2d 757, 764 (1998). Pursuant to section 15A-146, a person charged with a crime which is later dismissed, or who is found to be not guilty or not responsible, may apply for an order of expungement for that charge. "The purpose of the statute is to clear the public record of entries so that a person who is entitled to expunction may omit reference to the charges to potential employers and others, and so that a records check for prior arrests and convictions will not disclose the expunged entries." *Id.* Notably, expungement is only available where the trial court finds that the person has not previously received an expungement. *See* N.C. Gen. Stat. § 15A-146(a).

In the present case, the trial court concluded that section 15A-146 was intended "to provide for an expungement of all arrests and dismissal records even if multiple charges arose at different times." We disagree.

The instant case is one of statutory construction. It is well established that "where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Union Carbide Corp. v. Offerman*, 351 N.C. 310, 314, 526 S.E.2d 167, 170 (2000). Such statutory construction is vital to "ensure accomplishment of the legislative intent." *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671 (1999). The Court must first look to the words chosen by the legislature, and "if they are clear and unambiguous within the context of the statute, they are to be given their plain and ordinary meanings." *Brown v. Flowe*, 349 N.C. 520, 522, 507 S.E.2d 894, 896 (1998).

The plain language of section 15A-146 does not allow for the expungements of multiple unrelated offenses occurring over a number of years. On the contrary, the plain language of the statute

**IN RE ROBINSON**

[172 N.C. App. 272 (2005)]

expressly prohibits more than one expunction. *See* N.C. Gen. Stat. § 15A-146(a) (allowing expunction only after a finding that no previous expunction has been entered). Such prohibition demonstrates the legislative intent to limit the expunction of records, allowing individuals to avail themselves of a court-ordered expunction on only one occasion. The trial court's interpretation of the statute would allow an individual who has numerous unrelated charges over a number of years to wait for an appropriate time to obtain a single expunction for unlimited numbers of arrests and charges occurring over the course of many years. If the legislature wished to provide for the expungement of multiple offenses occurring over a number of years, there would be no reason to limit expunction to a one-time event. The trial court's interpretation to the contrary contravenes the rules of statutory construction by rendering meaningless the statute's express limitation. *See Builders, Inc. v. City of Winston-Salem,* 302 N.C. 550, 556, 276 S.E.2d 443, 447 (1981) (stating that, "It is well established that a statute must be considered as a whole and construed, if possible, so that none of its provisions shall be rendered useless or redundant. It is presumed that the legislature intended each portion to be given full effect and did not intend any provision to be mere surplusage"). We note that whether section 15A-146 permits the one-time expunction of multiple related charges arising from a single occurrence or which have been consolidated for trial is an issue not directly before us, and we therefore do not address it.

Because we conclude that section 15A-146 does not permit the expunction of multiple unrelated offenses occurring over a number of years, we hold the trial court erred in entering an order expunging six separate charged offenses from the record of petitioner. We therefore reverse the order of the trial court.

Reversed.

Judge LEVINSON concurs.

Judge TYSON dissents.

Tyson, Judge dissenting.

The majority's opinion holds N.C. Gen. Stat. § 15A-146 "does not permit the expunction of multiple unrelated offenses occurring over a number of years" and reverses the trial court's order. I respectfully dissent.

## I.  Expungements

The Clerks of Superior Court are required by law to maintain certain records, including "civil actions, special proceedings, estates, criminal actions, juvenile actions, minutes of the court and all other records required by law to be maintained." N.C. Gen. Stat. § 7A-180(3) (2003). The General Assembly has enacted statutory exceptions to this rule. *See* N.C. Gen. Stat. § 15A-145 through § 15A-148 (2003); *see also* N.C. Gen. Stat. § 90-113.14 (2003) (expunction of records for first offenses under the Toxic Vapors Act).

N.C. Gen. Stat. § 15A-146(a) provides in part:

> If any person is charged with a crime, either a misdemeanor or a felony[] . . . and the charge is dismissed, or a finding of not guilty or not responsible is entered, that person may apply to the court of the county where the charge was brought for an order to expunge from all official records any entries relating to his apprehension or trial. The court shall hold a hearing on the application and, upon finding that the person *had not* previously received an expungement under this section, G.S. 15A-145, or G.S. 90-96, and that the person had not *previously* been convicted of any felony under the laws of the United States, this State, or any other state, the court *shall order* the expunction.

(Emphasis supplied).

The majority's opinion correctly recognizes:

> The purpose of the statute is to clear the public record of *entries* so that a person who is entitled to expunction may omit reference to the *charges* to potential employers and others, and so that a records check for prior *arrests* and *convictions* will not disclose the expunged *entries*.

*State v. Jacobs*, 128 N.C. App. 559, 569, 495 S.E.2d 757, 764 (1998) (emphasis supplied). Notwithstanding this language, the majority's opinion expressly declines to address whether N.C. Gen. Stat. § 15A-146 permits "expunction of multiple related charges arising from a single occurrence or which have been consolidated for trial . . . ." However, this issue is directly before us since two of the dismissed charges against petitioner, 95 CRS 700 and 95 CRS 701 that were expunged, are interrelated.

Petitioner was charged with six separate crimes in Anson County between December 1994 and May 2000: 95 CRS 31, 95 CRS 700, 95

CRS 701, 97 CRS 4126, 99 CRS 2750, and 00 CRS 2140. 95 CRS 700 and 95 CRS 701 were interrelated charges stemming from "the same transaction or occurrence." Neither the State's argument on appeal nor the majority's opinion considers these two charges as eligible for expungement under their interpretation of N.C. Gen. Stat. § 15A-146. Even if the majority's opinion is otherwise affirmed, charges 95 CRS 700 and 95 CRS 701 should remain expunged as multiple offenses arising out of the "same transaction or occurrence."

" '[C]riminal statutes are to be strictly construed against the State.' " *State v. Raines*, 319 N.C. 258, 263, 354 S.E.2d 486, 489 (1987) (quoting *State v. Glidden*, 317 N.C. 557, 561, 346 S.E.2d 470, 472 (1986)).

> Under the canons of statutory construction, the cardinal principle is to ensure accomplishment of the legislative intent. To that end, we must consider "the language of the statute . . ., the spirit of the act and what the act seeks to accomplish." Moreover, undefined words are accorded their plain meaning so long as it is reasonable to do so. Further, the Court will evaluate the statute as a whole and will not construe an individual section in a manner that renders another provision of the same statute meaningless.

*Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998) (internal citations and quotations omitted), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671 (1999), *abrogated on other grounds by Lenox, Inc. v. Tolson*, 353 N.C. 659, 548 S.E.2d 513 (2001). Nothing in the statute limits expunction of a single charge or multiple charges arising in "one transaction or occurrence," or where multiple charges were consolidated for judgment. N.C. Gen. Stat. § 15A-146.

N.C. Gen. Stat. § 15A-146 is not limited to a *single* charge as the majority's opinion holds. Construing the statute narrowly against the State, an individual is not limited to expunging solely *one* charge of "*a* crime, either *a* misdemeanor or *a* felony . . . ." N.C. Gen. Stat. § 15A-146(a) (emphasis supplied). The statute otherwise expressly limits the granting of an expungement:

> upon finding that the person had not previously received an expungement under this section, G.S. 15A-145, or G.S. 90-96, and that the person had not previously been convicted of any felony under the laws of the United States, this State, or any other state, the court shall order the expunction.

*Id.*

A qualified individual is entitled to *one* grant of expunction under this statute, but the expunction order may address or include more than one charge. Nothing in the statute requires that multiple charges expunged must either arise out of one transaction or occurrence, or they were consolidated for judgment.

The Attorney General's Opinion cited by the State in support of its petition for writ of *certiorari* and ignored by the majority's opinion recognizes that multiple charges may be expunged. *See* 1995 N.C. AG LEXIS 12. As the State concedes through its Attorney General, allowing multiple charges to be expunged satisfies the statute's purpose. Nothing in the statutes requires the multiple charges expunged to arise out of the same or related transaction or have been consolidated for trial or judgment. The statute's absolute limiting language requires only the applicant may not have previously received an expungement under N.C. Gen. Stat. § 15A-146 or N.C. Gen. Stat. § 90-96, or have been previously convicted of a felony.

This interpretation corresponds with the General Assembly's recent addition of two statutes permitting expunctions in identity theft and DNA defense cases. *See* N.C. Gen. Stat. § 15A-147 (2003) (expunctions for charges arising out of a victim's identity theft); *see also* N.C. Gen. Stat. § 15A-148 (2003) (expunctions for dismissal of charges or grant of pardon due to DNA evidence). Neither statute limits the number of expungements permitted and both include singular language like "a crime," "a misdemeanor," "a felony," "the charge," "the conviction," and "an offense" which is cited by the State and the majority's opinion. *See* N.C. Gen. Stat. § 15A-147(a) ("If any person is named in *a charge* for *an* infraction or *a crime*, either *a misdemeanor* or *a felony*, as a result of another person using the identifying information of the named person to commit *an infraction* or *crime* and *the charge* against the named person is dismissed, a finding of not guilty is entered, or the conviction is set aside . . . .") (emphasis supplied); *see also* N.C. Gen. Stat. § 15A-148(a) ("Upon a motion by the defendant following the issuance of a final order by an appellate court reversing and dismissing *a conviction* of *an offense* for which a DNA analysis was done in accordance with Article 13 of Chapter 15A of the General Statutes, or upon receipt of a pardon of innocence with respect to *any such offense*, the court shall issue an order of expungement of the DNA record and samples . . . .") (emphasis supplied).

Here, petitioner applied for and received expunction of six charges. All charges expunged occurred within Anson County and

were either dismissed by the district attorney or by the trial court for lack of probable cause. Petitioner's application was properly reviewed and certified by the State Bureau of Investigation and Administrative Office of the Courts that petitioner complied with the limiting language in the statute and had not previously received an expungement nor had he been previously convicted of a felony. The trial court properly granted petitioner's application for expunction of 95 CRS 31, 95 CRS 700, 95 CRS 701, 97 CRS 4126, 99 CRS 2750, and 00 CRS 2140.

## II. Arguments in Petition and on Appeal

Citing the Attorney General's Opinion, the State asserted and acknowledged in its petition for writ of *certiorari* that where "multiple offenses arise out of the same transaction or occurrence, or were consolidated for trial and judgment, . . . an expunction of more than one offense [is] appropriate." 1995 N.C. AG LEXIS 12. However, on appeal, the State's principal argument is N.C. Gen. Stat. § 15A-146 "only allows for expunctions where the individual was charged and that charge was dismissed or the individual was found not guilty . . . . [and] N.C.G.S. § 15A-146 states *that only one such charge may be expunged.*"

The State now argues the "plain language of N.C.G.S. § 15A-146 does not allow for expungements of multiple offenses." This position is inconsistent with the State's petition for writ of *certiorari*, the Attorney General's Opinion, and the clear legislative intent of the statute. *See* 1995 N.C. AG LEXIS 12; *see also* N.C. Gen. Stat. § 15A-146; *see also Weil v. Herring,* 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ("the law does not permit parties to swap horses between courts in order to get a better mount [on appeal].").

## III. Purpose of the Statute

Virtually all employers, licensing agencies, educational institutions, and military recruiters now require or routinely perform criminal background checks as a condition of employment, licensure, admission, or military service. Computerization of records into easily searchable databases allows immediate and comprehensive reports to be generated. While an individual charged with, but not convicted of, a crime legally retains a clean criminal record and history, the stigma of being arrested and charged without being proved to be guilty carries significant impacts on decisions of employment, licensure, educational opportunities, or military service and denies the applicant the presumption of innocence.

**IN RE ROBINSON**

[172 N.C. App. 272 (2005)]

When those alleged charges are determined to be without probable cause, foundation, or proof, and the charges are dismissed or the defendant is acquitted, "the effect of such order shall be to restore such person in the contemplation of the law to the status he occupied before such arrest or indictment or information." N.C. Gen. Stat. § 90-96(b) (2003). Expunction allows the petitioner's presumption of innocence to remain and to remove the stigma of unsubstantiated and dismissed charges.

Our General Assembly has statutorily created a *one time* mechanism under N.C. Gen. Stat. § 15A-146 and N.C. Gen. Stat. § 90-96 to remedy and remove potential negative consequences of unsubstantiated and dismissed charges if: (1) no previous felony conviction is shown; and (2) no prior expunction has been granted. Our General Assembly used identical language to that contained in N.C. Gen. Stat. § 15A-146 and has not placed limits on other expungements of multiple dismissed charges *or even convictions* for certain expungements. *See* N.C. Gen. Stat. § 15A-147; *see also* N.C. Gen. Stat. § 15A-148. The statute also provides for a confidential record of the expunction to be maintained to ensure that each applicant has not been previously convicted of a felony and receives only one expungement under N.C. Gen. Stat. § 15A-146 and N.C. Gen. Stat. § 90-96.

IV.  Conclusion

The statute specifically allows an individual to apply for and receive a *one time* expunction of multiple charges under N.C. Gen. Stat. § 15A-146, so long as he has not previously received an expunction under N.C. Gen. Stat. § 15A-146 or N.C. Gen. Stat. § 90-96 or been previously convicted of a felony. Petitioner's application for an expungement was certified to be his first application. The State's argument of *one expunction* for *one charge* on appeal varies significantly from the stated opinion by the Attorney General and that asserted in its petition for writ of *certiorari*.

I further recognize the inherent prejudice in the State's arguments on appeal to seek reversal in petitioner's order for expunction. The trial court granted the expungement on 25 November 2002. The State failed to appeal. Following entry of the order and the State's failure to appeal, petitioner is allowed to represent his background without disclosing the six expunged charges. Now, the State seeks reversal over two and one-half years after the expungement order was entered and on grounds different from those asserted in its petition for writ of *certiorari*. Adopting the State's position, petitioner is now liable for

EXCEL STAFFING SERV., INC. v. HP REIDSVILLE, INC.

[172 N.C. App. 281 (2005)]

potential "misrepresentations" and non-disclosure of the six charges in reliance of the order entered and not appealed from.

Nothing in the statute limits multiple charges to be expunged to have arisen out of the "same occurrence or transaction," or that were "consolidated for judgment." The State Bureau of Investigation and Administrative Office of the Courts certified petitioner had not previously received an expungement or been convicted of a felony. The Attorney General's and the majority's opinions write restrictive language and further conditions into the plain language of the statute. The trial court properly granted petitioner's application and its order should be affirmed. Even under the Attorney General's and the majority's analysis, petitioner's interrelated charges, 95 CRS 700 and 95 CRS 701, should remain expunged and the trial court's order should be affirmed. I respectfully dissent.