STATE v. WILLIE HUNT.

(Filed 24 November, 1965.)

**1. Indictment and Warrant § 9—**

> An indictment charging every essential element of a statutory offense is sufficient, notwithstanding it fails to specify the statute under which it was drawn.

STATE *v.* HUNT.

**2. Constitutional Law § 36;   Escape § 1—**

A defendant convicted of breaking and entering and larceny who is assigned to work under the work-release program, G.S. 148-33.1, may be sentenced to not more than two years imprisonment for failing to return to custody of the Prison Department, and a sentence of 21 months cannot be held cruel or unusual.

APPEAL by defendant from *Mintz, J.,* July "A" Criminal Session 1965 of WAKE.

Defendant was indicted at the May Criminal Session 1965 of the Superior Court of Wake County for the felony of failing to return to the custody of Major R. M. Lennon, Pope Prison, on 19 June 1963, while assigned to work under the work-release program, as provided by G.S. 148-33.1. The bill of indictment further charges that defendant at the aforesaid time was serving a sentence of three to five years in the State's Prison system, for breaking and entering and larceny, imposed at the March Session 1962 of the Superior Court of Wake County, when he failed to return to prison under the work-release program.

Defendant entered a plea of guilty as charged. The court imposed a sentence of 21 months and assigned defendant to work under the Prison Department, this sentence to run consecutively with the sentence imposed at the March Session 1962 of the Superior Court of Wake County.

Defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General James F. Bullock, Staff Attorney Leon H. Corbett, Jr., for the State.*
*Boyce & Lake for defendant.*

PER CURIAM.  Defendant contends the bill of indictment is defective in that it attempts to charge a violation of G.S. 148-45 but does not refer to the "particular statutory offense sought to be charged."

We hold that the bill of indictment is sufficient to meet the requirements of G.S. 15-153. It has been repeatedly held, since the adoption of the foregoing statute, that all that is required in a warrant or bill of indictment is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense. Furthermore, reference to a specific statute upon which the charge in a warrant or bill of indictment is laid, is not necessary to

its validity. *S. v. Anderson,* 259 N.C. 499, 130 S.E. 2d 857. There is no merit in this contention.

The appellant attacks the sentence imposed in the court below on the ground that it is "too lengthy" and, therefore, should be deemed cruel and unusual punishment of this defendant.

It is provided in G.S. 148-45: "* * * Any prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years. * * *"

The sentence imposed by the court below is authorized by the above statute, and no prejudicial error has been shown.

Affirmed.

LAKE, J., took no part in the consideration or decision of this case.