STATE OF NORTH CAROLINA v. DAYLENE PAGE

No. 7610SC638

(Filed 2 March 1977)

1. Criminal Law § 21— preliminary hearing — denial no error

Due process did not require that defendant, a dentist charged with attempting to obtain property under false pretenses, be given a preliminary hearing; nor was defendant entitled to a preliminary

State v. Page

hearing to provide him an opportunity for discovery. Moreover, G.S. 15A-601, *et seq.*, does not require a preliminary hearing after defendant is indicted for a felony and the superior court acquires jurisdiction, as in this case.

2. **False Pretense § 2; Physicians, Surgeons and Allied Professions § 5— attempt to obtain money by false pretense — dentist defendant — criminal prosecution proper**

The prosecutor and grand jury did not err in proceeding under G.S. 14-100 and G.S. 14-3(b), which make it a felony to attempt to obtain property from another by false pretenses, rather than under G.S. 90-40 and 90-41 which define the powers of the State Board of Dental Examiners to punish administratively a dentist who fraudulently obtains fees, since nothing in Chapter 90 of the General Statutes prevents the State from seeking a felony conviction for that conduct which also happens to fall within the Board's administrative jurisdiction.

3. **Indictment and Warrant § 9— statute not stated in indictment — requirements to charge crime**

An indictment need not cite by number the pertinent statute; rather, the requirements of G.S. 15-153 are met where the indictment sets out in a plain, intelligible and explicit manner all elements of the crime charged.

4. **False Pretense § 1— obtaining money by false pretense — attempt to obtain money by false pretense — felony**

Though at the time of the events in question G.S. 14-100 only made it a felony to obtain property under false pretenses, the effect of G.S. 14-3(b) was to make any attempt to obtain property by false pretenses a felony, and the subsequent amendment of G.S. 14-100 to make the attempt to obtain property by false pretenses a felony did not give rise to the inference that, at the time of the events in question, such an attempt was only a misdemeanor.

5. **Criminal Law § 142— sentence suspended — conditions imposed — no abuse of discretion**

In a prosecution of defendant, a dentist, for attempting to obtain property by false pretense by submitting a bill to the Division of Vocational Rehabilitation of the Dept. of Human Resources for $809 as compensation for dental services which defendant purportedly falsely represented to have rendered a named client of the Division of Rehabilitation, the trial court did not abuse its discretion by conditioning defendant's suspended sentence upon his pledge not to accept patients referred to him by State agencies, since the condition was for the purpose of protecting the public fisc, the condition was reasonable, and defendant consented to it.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 3 March 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 13 January 1977.

Defendant is a dentist. He was charged in a bill of indictment with attempting to obtain property under false pretenses by submitting a bill to the Division of Vocational Rehabilitation of the Department of Human Resources for $809 as compensation for dental services which defendant purportedly falsely represented to have rendered to a Mrs. Dunston, a client of the Division of Rehabilitation. Both the State and defendant introduced evidence at trial which is unnecessary to summarize here. Defendant was convicted by a jury, sentenced to two years, suspended for five years upon payment of a $2,500 fine and agreement not to perform any treatment for any client of any state agency during the probation period. Defendant appeals.

*Attroney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*William E. Marshall, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] By his first assignment of error defendant argues that in denying his request for a preliminary hearing the court denied his right to a fair trial, and to due process, by limiting his discovery of the State's case and hindering his preparation for trial. Due process does not require a preliminary hearing in defendant's case. We find his argument unconvincing.

No authority is cited in support of defendant's position that he should have had a preliminary hearing because it would have helped him in preparing his defense. Indeed, it is not the purpose of a probable cause hearing to provide defendant an opportunity for discovery. (Discovery in Superior Court is afforded in G.S. 15A, Article 48.)

Defendant was properly indicted by the grand jury and was within the jurisdiction of the superior court, not the district court. G.S. 15A-601, *et seq.*, does not require a preliminary hearing after defendant is indicted for a felony and the superior court acquires jurisdiction. As pointed out in the Official Commentary to G.S. 15A-611(d) "it seems certain that no probable cause hearing may be held in district court once the superior court has gained jurisdiction through the return of a true bill of indictment."

[2] Defendant, in his second assignment of error, argues that his motions to dismiss and to arrest judgment should have been

granted because the indictment was defective. First, he says that the prosecutor and grand jury erred in proceeding under G.S. 14-100 and G.S. 14-3(b) which make it a felony to attempt to obtain property from another by false pretenses. Defendant contends that the grand jury should have proceeded under G.S. 90-40 and 41. Defendant is wrong.

G.S. 90-40 and 90-41 define the powers of the State Board of Dental Examiners. The Board is authorized by these sections to punish administratively a dentist who fraudulently obtains fees, but Chapter 90 of the General Statutes does not prevent the State from seeking a felony conviction for that conduct which also happens to fall within the Board's administrative jurisdiction.

[3] There is also no merit in defendant's argument that the indictment is defective because it fails to identify G.S. 14-100 and G.S. 14-3(b) by number. The indictment need not cite by number the pertinent statute. The requirements of G.S. 15-153 are met where the indictment sets forth in a plain, intelligible and explicit manner all elements of the crime charged. *State v. Hunt,* 265 N.C. 714, 144 S.E. 2d 890 (1965).

[4] Defendant next argues that the offense for which he was charged was not a felony but a misdemeanor. At the time of the events in question in this case, G.S. 14-100 only make it a felony to obtain property under false pretenses. Effective 1 October 1975, that statute was amended to provide that it is also a felony to attempt to obtain property under false pretenses. Defendant contends that this amendment shows that the legislature recognized that prior to October 1975 the *attempt* to obtain property under false pretenses was only a misdemeanor. He reasons that G.S. 14-3(b), which raises any misdemeanor to the grade of felony if the misdemeanor was done with intent to deceive and was not otherwise specifically punished, could not have applied to G.S. 14-100. If G.S. 14-3(b) had applied, according to defendant, then the amendment to G.S. 14-100 was unnecessary. We disagree. Any attempt to obtain property by false pretense necessarily is done with intent to deceive. By its plain language G.S. 14-3(b) makes any attempt to obtain property by false pretenses a felony. The plain language of G.S. 14-3(b) is more convincing that any inference to be drawn from the fact that G.S. 14-100 was amended.

[5] Finally, defendant contends that the court abused its discretion by conditioning his suspended sentence upon his pledge not to accept patients referred to him by State agencies. We fail to see any abuse of discretion in the condition imposed to protect the public fisc. It is reasonable, and it was consented to by defendant. *See State v. Mitchell,* 22 N.C. App. 663, 207 S.E. 2d 263 (1974).

No error.

Judges PARKER and MARTIN concur.