STATE OF NORTH CAROLINA v. RODERICK SYLVANIS JORDAN

No. 8419SC800

(Filed 2 July 1985)

1. **Automobiles and Other Vehicles § 130.1— driving under the influence—insufficient evidence of second offense**

    A colloquy between the court and the prosecutor to the effect that defendant had previously been convicted of driving under the influence was insufficient to establish a stipulation by defendant to a previous conviction, and

State v. Jordan

where the State failed to offer evidence of the previous conviction, the trial court erred in entering judgment for a second offense of driving under the influence.

**2. Automobiles and Other Vehicles § 131— failing to stop at accident scene—sufficiency of allegations**

A magistrate's order was sufficient to charge defendant with failing to stop at the scene of an accident although it failed to allege that defendant knew his car had collided with another and damaged it since such knowledge could be inferred from allegations that while defendant operated a car it collided with and damaged another vehicle.

**3. Automobiles and Other Vehicles § 131.1— failing to stop at accident scene—knowledge of collision—sufficiency of evidence**

The evidence was sufficient to permit an inference that defendant knew his car had collided with another and damaged it so as to support his conviction of failing to stop at the scene of an accident where it tended to show that defendant was driving a vehicle when it hit another car from the rear, spun it sideways, and proceeded down the highway a distance of between 900 and 1,800 feet before pulling off on a side road and stopping; defendant then changed positions with a passenger; and the passenger attempted to drive the vehicle away but was prevented from doing so by witnesses to the collision.

**4. Weapons and Firearms § 2— carrying concealed weapon—sufficiency of evidence**

The evidence was sufficient to support defendant's conviction of carrying a concealed weapon about his person in violation of G.S. 14-269 where it tended to show that a patrolman found a gun under the driver's seat of a car defendant was driving after witnesses to a collision advised him that they had seen defendant reach under the driver's seat as though placing something there.

APPEAL by defendant from *Mills, Judge.* Judgment entered 31 January 1984 in Superior Court, ROWAN County. Heard in the Court of Appeals 7 March 1985.

Defendant was convicted of driving under the influence, failing to stop at the scene of an accident resulting in property damage, and carrying a concealed weapon. The evidence relating to these convictions, to the extent necessary, is stated in the opinion.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

PHILLIPS, Judge.

[1] Though the jury verdict was "[g]uilty of operating a vehicle on the highways of this State while under the influence of alcoholic beverages," the judgment imposed was for a second offense of that crime. Defendant contends that this was error in that the State did not establish by either evidence or stipulation that defendant had been previously convicted of driving under the influence. We agree. The State's contention that defendant stipulated to the previous conviction is not borne out by the record, which reflects only a colloquy between the court and the prosecutor to the effect that defendant had been previously convicted and evidence of that fact would not be offered. But the defendant remained silent and was not asked to be otherwise, according to the record. Such circumstances are insufficient to establish a stipulation, *State v. Powell*, 254 N.C. 231, 118 S.E. 2d 617 (1961), and judgment should have been entered on the verdict as rendered.

[2, 3] Defendant contends that his conviction of failing to stop at the scene of the accident is invalid for two reasons, neither of which has merit. First, it is argued that the magistrate's order upon which he was tried was defective in that it did not allege that defendant *knew* his car had collided with another and damaged it. Contrary to defendant's contention, a criminal pleading does not have to state every element of the offense charged; it is only necessary to assert facts "*supporting* every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." G.S. 15A-924(a)(5). (Emphasis added.) Defendant's knowledge that a collision involving his car had occurred and that property damage had resulted is clearly inferable from the facts, duly alleged, that while defendant operated the car it collided with and damaged another vehicle. *State v. Lucas*, 58 N.C. App. 141, 292 S.E. 2d 747, *cert. denied*, 306 N.C. 390, 293 S.E. 2d 593 (1982). The insufficiency of the evidence is the other reason advanced for setting aside the conviction, but it is clearly sufficient to establish defendant's guilt. Among other things, the evidence tends to show that: While defendant was driving along U.S. Highway 29, his vehicle hit another from the rear, spun it sideways, and proceeded down the highway a distance of between 900 and 1,800 feet before pulling off on a side road and stopping; and that defendant then changed

positions with his passenger and the passenger attempted to drive the car away, but some witnesses to the collision prevented him from doing so. This evidence supports the inference that defendant knew about the collision and damage and was trying to escape the consequences when the witnesses of the collision intervened. *State v. Fearing*, 304 N.C. 471, 284 S.E. 2d 487 (1981).

[4] Nor was there any prejudicial error with respect to defendant's conviction of carrying a concealed weapon about his person. G.S. 14-269. Contrary to defendant's contentions, the magistrate's order properly charged the offense; the evidence presented was sufficient to warrant the conviction; and the judge's instructions to the jury were legally correct. The evidence of defendant's guilty knowledge and intent was really quite plain. He was the driver of the car; the witnesses to the accident who prevented defendant's escape, as they advised the patrolman, saw him reach under the driver's seat as though placing something there, and that is where the patrolman found the gun. *State v. Reams*, 121 N.C. 556, 27 S.E. 1004 (1897).

The judgment for driving under the influence, second offense, is vacated and the matter remanded for the entry of judgment on the verdict.

The judgments entered for failing to stop at the scene of the accident and carrying a concealed weapon are affirmed.

Vacated and remanded in part; affirmed in part.

Judges WEBB and MARTIN concur.