STATE OF NORTH CAROLINA v. GREGORY REQUINT ARTIS

No. COA05-269

(Filed 6 December 2005)

**1. Prisons and Prisoners— malicious conduct by prisoner— failure to allege defendant in custody—notice**

The trial court had jurisdiction to proceed with the trial of a charge of malicious conduct by a prisoner even though the indictment did not allege that defendant was in custody, because: (1) the purpose behind alleging that defendant was in custody is to give him proper notice of the charges against him; (2) the evidence tended to show that defendant was an inmate at the Pitt County Detention Center, he was incarcerated when he received notice of the charges, and he raised no objection that he was unaware of the facts giving rise to the charges; and (3) no conclusion could be reached other than that defendant was in custody.

**2. Constitutional Law— double jeopardy—malicious conduct by prisoner—misdemeanor assault of government employee**

The trial court did not violate defendant's right against double jeopardy by entering judgment for both malicious conduct by a prisoner and habitual misdemeanor assault even though identical conduct was alleged to establish both malicious conduct by a prisoner and the current misdemeanor assault of a government employee, because: (1) when it is clear that defendant's conduct is violative of two separate and distinct social norms, the fact that both convictions arise out of the same conduct does not violate the double jeopardy clause; (2) malicious conduct by a prisoner requires only that a bodily fluid or excrement be thrown at a government official whereas misdemeanor assault on a governmental official requires that the official either be touched by the instrument of assault or reasonably fear such a

STATE v. ARTIS

[174 N.C. App. 668 (2005)]

touching; and (3) the legislature intended to punish two different types of behavior even though defendant's conduct was the same for both offenses.

**3. Sentencing— habitual felon—guilty plea—failure to satisfy requirements of N.C.G.S. § 15A-1022(a)**

The trial court erred by accepting defendant's guilty plea to habitual felon status and by sentencing defendant for malicious conduct by a prisoner and habitual misdemeanor asault as an habitual felon because the trial court failed to satisfy the requirements of N.C.G.S. § 15A-1022(a) when the trial court did not: (1) determine that defendant understood the nature of the habitual felon charge; (2) inform defendant of his right to deny habitual felon status; or (3) inform defendant that his admission of attaining habitual felon status would waive his right to jury determination of that issue.

**4. Criminal Law; Sentencing— habitual misdemeanor assault— absence of arraignment—stipulation of prior convictions**

The trial court did not commit prejudicial error by its failure to arraign defendant on a habitual misdemeanor charge or to ask defendant whether he wanted the issue regarding his prior convictions submitted to the jury where defendant requested at trial that his prior convictions not be shared with the jury, and defense counsel, after consultation with defendant, stipulated to the prior convictions. N.C.G.S. § 15A-928.

Appeal by defendant from judgments entered 13 October 2004 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 2 November 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Lorrin Freeman, for the State.*

*Kevin P. Bradley, for defendant-appellant.*

TYSON, Judge.

Gregory Requint Artis ("defendant") appeals from judgments entered after a jury found him to be guilty of malicious conduct by a prisoner and habitual misdemeanor assault. Defendant was convicted of having attained the status of being an habitual felon. We find no error in part, vacate in part, and remand.

STATE v. ARTIS

[174 N.C. App. 668 (2005)]

## I. Background

Defendant, a detainee at the Pitt County Detention Center in Greenville, North Carolina, was cleaning the center's common area when he was told to return to his cell. Defendant became frustrated, clogged his toilet, and flooded his cell. To prevent further flooding, Detention Officer Steven E. McKinney, ("Officer McKinney") turned off the water in defendant's cell. Defendant told Officer McKinney that he was going to "get" him when he had the opportunity.

Later in the day, Officer McKinney served lunch to the detainees, including defendant, through a small door which meal trays were passed. A detainee assisted Officer McKinney by distributing drinks. The drinks available to the detainees included water, milk, tea, and orange juice. The State's evidence tends to show defendant forcefully threw urine through the small door at Officer McKinney before defendant received his drink. Officer McKinney testified that he could tell the liquid was urine because of its distinct smell and warm temperature. Defendant maintains he threw tea at Officer McKinney.

Officer McKinney immediately asked to be relieved of his duties to remove his clothes and clean himself. The State did not present Officer Mckinney's uniform into evidence. He testified that it was standard procedure in the Pitt County Sheriff's Department to immediately wash any uniforms stained by bodily fluids. Officer McKinney reported the incident, but he did not include the names of the inmates who had assisted him while handing out the meals, and he could not remember their names at trial. No other witnesses testified to the incident.

On 13 October 2004, defendant was tried by a jury and found to be guilty of malicious conduct by a prisoner and assault on a government employee which resulted in a conviction for habitual misdemeanor assault. Defendant was sentenced as an habitual felon to an active sentence of a minimum of 168 months and a maximum of 211 months of confinement for his conviction of malicious conduct by a prisoner, such sentence to run at the expiration of the sentence imposed in 03 CRS 58379. For the crime of misdemeanor assault, defendant was sentenced as an habitual felon to a consolidated term of imprisonment of a minimum of 151 months and a maximum of 191 months confinement, such sentence to run concurrently with the sentence imposed for defendant's habitual felon conviction of malicious conduct by a prisoner to commence at the expiration of the sentence imposed in 03 CRS 58379. Defendant appeals.

## II. Issues

Defendant argues: (1) the trial court did not have jurisdiction to proceed with the trial of a charge of malicious conduct by a prisoner when the indictment did not allege that defendant was in custody; (2) the trial court cannot enter judgment for both malicious conduct by a prisoner and habitual misdemeanor assault when identical conduct was alleged to establish both malicious conduct by a prisoner and the current misdemeanor assault of a government employee; (3) the trial court cannot sentence defendant as an habitual felon without a jury's determination of habitual felon status or express waiver of jury determination and admission of habitual felon status by defendant himself; and (4) a stipulation by defense counsel that defendant had been convicted of the prior misdemeanors alleged in an indictment charging habitual misdemeanor assault is not sufficient to establish the prior conviction element of that charge without submission of that element for determination by the jury.

## III. Allegations in the Indictment

Concerning the allegations in the indictment, defendant argues the trial court: (1) did not have jurisdiction to proceed with the trial of a charge of malicious conduct by a prisoner when the indictment did not allege that defendant was in custody; and (2) cannot enter judgment for both malicious conduct by a prisoner and habitual misdemeanor assault when identical conduct was alleged to establish both malicious conduct by a prisoner and the current misdemeanor assault of a government employee.

### A. Defendant's Custody

[1] Defendant argues the indictment did not specifically allege he was in custody and is facially invalid. We disagree.

Defendant did not object to the trial court's jurisdiction at trial. N.C. Gen. Stat. § 15A-1446(d)(4) (2003) provides:

(d) Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.

. . . .

(4) The pleading fails to state essential elements of an alleged violation, as required by G.S. 15A-924(a)(5).

In *State v. Wallace*, our Supreme Court held "where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." 351 N.C. 481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000).

The indictment charging defendant with malicious conduct by a prisoner and habitual misdemeanor assault failed to specifically allege defendant was "in custody." The indictment stated, "[a]t the time of the assault S.E. McKinney was performing a duty of his office by supervising the dispensing of food to the defendant." Defendant argues because the indictment failed to specifically allege he was "in custody," "the trial court lacks jurisdiction over the defendant and subsequent judgments are void and must be vacated." *State v. Ellis*, 168 N.C. App. 651, 655, 608 S.E.2d 803, 806 (2005) (citing *State v. Wagner*, 356 N.C. 599, 601, 572 S.E.2d 777, 779 (2002)).

Article I, Section 23 of the North Carolina Constitution provides, "In all criminal prosecutions, every person charged with a crime has the right to be informed of the accusation." N.C. Const. Art. I, sec. 23. Therefore, "[a] criminal proceeding must contain . . . (5) [a] plain and concise factual statement . . . which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense . . . with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." N.C. Gen. Stat. § 15A-924(a) (2003).

In order to convict defendant of malicious conduct by a prisoner, the State must prove defendant, while in custody, threw bodily fluid at a government employee while the employee was engaged in employment responsibilities. N.C. Gen. Stat. § 14-258.4(a) (2003). N.C. Gen. Stat. § 14-258.4(a) provides:

Any person in the custody of the Department of Correction, the Department of Juvenile Justice and Delinquency Prevention, any law enforcement officer, or any local confinement facility (as defined in G.S. 153A-217, or G.S. 153A-230.1), including persons pending trial, appellate review, or presentence diagnostic evaluation, who knowingly and willfully throws, emits, or causes to be used as a projectile, bodily fluids or excrement at a person who is an employee of the State or a local government while the employee is in the performance of the employee's duties is guilty of a Class F felony. The provisions of this section apply to viola-

tions committed inside or outside of the prison, jail, detention center, or other confinement facility.

In *State v. Page*, this Court stated, "[t]he requirements of G.S. 15-153 are met where the indictment sets forth in a plain, intelligible and explicit manner all elements of the crime charged." 32 N.C. App. 478, 481, 232 S.E.2d 460, 462 (citing *State v. Hunt*, 265 N.C. 714, 144 S.E.2d 890 (1965)), *cert. denied*, 292 N.C. 643, 235 S.E.2d 64 (1977). "An indictment is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense." *State v. Lowe*, 295 N.C. 596, 603, 247 S.E.2d 878, 883 (1978).

This Court stated:

A criminal pleading does not have to state every element of the offense charged; it is only necessary to assert facts "supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation."

*State v. Jordan*, 75 N.C. App. 637, 639, 331 S.E.2d 232, 233 (quoting N.C. Gen. Stat. § 15A-924(a)(5)), *disc. rev. denied*, 314 N.C. 544, 335 S.E.2d 23 (1985).

In *Jordan*, the defendant was charged with failing to stop at the scene of an accident. *Id.* The defendant argued that the order upon which he was tried was defective because it failed to allege that he knew his car had collided with another car and damaged it. *Id.* This Court held that the defendant's knowledge could be inferred from the facts. *Id.*

Here, the indictment alleged malicious conduct by a prisoner. The purpose behind alleging that defendant was in custody is to give him proper notice of the charges against him. The evidence tended to show that defendant, an inmate at the Pitt County Detention Center, was incarcerated when he received notice of the charges, and raised no objection that he was unaware of the facts giving rise to the charges. No conclusion could be reached other than that defendant was in custody. This assignment of error is overruled.

### B. Identical Allegations

**[2]** Defense counsel moved that "the judgment be arrested as to one of the charges . . . because of due process and double jeopardy con-

cerns." The trial court denied the motion. Defendant argues that the allegations of malicious conduct by a prisoner and habitual misdemeanor assault are based on identical facts and charge the same offense. We disagree.

> The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Article I, section 19 of the North Carolina Constitution does not expressly prohibit double jeopardy, but the courts have included it as one of the "fundamental and sacred principles of the common law, deeply imbedded in criminal jurisprudence" as part of the "law of the land."

*State v. Ezell*, 159 N.C. App. 103, 106, 582 S.E.2d 679, 682 (2003) (quoting *State v. Ballard*, 280 N.C. 479, 482, 186 S.E.2d 372, 373 (1973)).

The United States Supreme Court in *Blockburger v. United States*, stated:

> the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

284 U.S. 299, 304, 76 L. Ed. 306, 309 (1932).

North Carolina has adopted and applied the *Blockburger* test. *See State v. Bailey*, 157 N.C. App. 80, 577 S.E.2d 683 (2003). In *State v. Murray*, our Supreme Court stated:

> even where evidence to support two or more offenses overlaps, double jeopardy does not occur unless the evidence required to support the two convictions is identical. If proof of an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same.

310 N.C. 540, 548, 313 S.E.2d 523, 529 (1984).

In applying the *Blockburger* test, this Court stated in *Bailey*, "[w]hen utilized, it may be rebutted by a clear indication of legislative intent; and, when such intent is found, it must be respected, regardless of the outcome of the application of the *Blockburger* test."

*Bailey,* 157 N.C. App. at 86, 577 S.E.2d at 688 (quoting *State v. Gardner,* 315 N.C. 444, 455, 340 S.E.2d 701, 709 (1986)).

Our Supreme Court stated that when "it is clear that the conduct of the defendant is violative of two separate and distinct social norms" the fact that both convictions arise out of the same conduct does not violate the double jeopardy clause. *Gardner,* 315 N.C. at 461, 340 S.E.2d at 712.

As noted above, defendant was charged with malicious conduct by a prisoner in violation of N.C. Gen. Stat. § 14-258.4. The crime alleged in the habitual misdemeanor assault indictment is assault of a government employee in violation of N.C. Gen. Stat. § 14-33(c)(4) (2003) which states:

(c) Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she:

. . . .

(4) Assaults an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties.

The conduct alleged in both indictments is identical:

the defendant named above unlawfully, willfully, and feloniously did assault S.E. McKinney, a government officer at the Pitt County Detention Center, Greenville, North Carolina . . . by throwing bodily fluid on S.E. McKinney. At the time of the assault S.E. McKinney was performing a duty of his office by supervising the dispensing of food to the defendant.

This Court addressed the differences between misdemeanor assault on a government official and malicious conduct by a prisoner in *State v. Crouse,* 169 N.C. App. 382, 610 S.E.2d 454, *disc. rev. denied,* 359 N.C. 637, 616 S.E.2d 923 (2005). "[M]isdemeanor assault on a government official is not a lesser included offense of felony malicious conduct by a prisoner." *Id.* at 386, 610 S.E.2d at 457. This Court stated that an

inmate may be guilty of malicious conduct by a prisoner without being guilty of misdemeanor assault on a government official.

> This is so because G.S. § 14-258.4 requires only that a bodily fluid or excrement be thrown "at" a government official, whereas G.S. § 14-33(c)(4) requires that the official either be touched by the instrument of assault or reasonably fear such a touching.

*Id.* at 388, 610 S.E.2d at 458 (quoting *State v. Cogdell*, 165 N.C. App. 368, 378, 599 S.E.2d 570, 576 (2004) (Levinson, J., concurring)). This Court also stated:

> the legislature apparently intended to address a different problem with each offense. Assaults on government officials have been criminalized to punish, and prevent, attacks against government officials trying to perform public duties. Quite differently, the criminalization of malicious conduct by a prisoner is directed at deterring and punishing the projecting of bodily fluids or excrement at governmental employees by those in custody, whether or not such misconduct amounts to an assault.

*Id.*

The entry of judgment on habitual misdemeanor assault and the underlying offense of assault on a government employee and malicious conduct by a prisoner contains separate elements. Convictions arising from the same incident or similar conduct for both do not violate the double jeopardy clause. This assignment of error is overruled.

### IV. Habitual Felon Status

[3] Defendant argues the trial court cannot sentence him as an habitual felon without a jury's determination of his habitual felon status or his express waiver of jury determination and admission of habitual felon status. We agree.

Defendant did not object to his sentencing as an habitual felon at trial. N.C. Gen. Stat. § 15A-1446(d)(16) provides, "[e]rrors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division . . . (16) Error occurred in the entry of the plea."

The judgments regarding malicious conduct by a prisoner as a habitual felon and habitual misdemeanor assault as an habitual felon indicate that defendant pled guilty to habitual felon status.

N.C. Gen. Stat. § 15A-1022(a)(1)-(4) (2003) provides:

(a) Except in the case of corporations or in misdemeanor cases in which there is a waiver of appearance under G.S.

15A-1011(a)(3), a superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to plead not guilty;

(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him . . . .

The State admits that the transcript includes no such inquiry of defendant and no plea agreement exists in the record on appeal. The only dialogue between the trial court and defendant in the transcript concerning his status as an habitual felon occurred when the court asked him, "What do you have to say?" and he responded, "What I say doesn't matter in this courthouse."

In *State v. Gilmore*, this Court stated:

[t]he issue of whether Defendant was an habitual felon, however, was not submitted to the jury, and Defendant did not plead guilty to being an habitual felon. Although Defendant did stipulate to his habitual felon status, such stipulation, in the absence of an inquiry by the trial court to establish a record of a guilty plea, is not tantamount to a guilty plea.

142 N.C. App. 465, 471, 542 S.E.2d 694, 699 (2001) (citations omitted).

Here, the inquiry by the trial court failed to satisfy the requirements of N.C. Gen. Stat. § 15A-1022(a). The trial court did not: (1) determine that defendant understood the nature of the habitual felon charge; (2) inform defendant of his right to deny habitual felon status; or (3) inform defendant that his admission of attaining habitual felon status would waive his right to jury determination of that issue. The record on appeal does not contain a plea transcript of defendant's guilty plea. Defendant's habitual felon conviction is vacated. We remand for resentencing.

## V. Habitual Misdemeanor Assault

**[4]** Defendant argues that a stipulation by defense counsel that he has been convicted of the prior misdemeanors alleged in an indict-

ment charging habitual misdemeanor assault is not sufficient to establish the prior conviction element of that charge without submission of that element for determination by the jury. We disagree.

Defense counsel did not object to an entry of judgment on the habitual misdemeanor assault charge at trial. N.C. Gen. Stat. § 15A-1446(d)(16) provides, "[e]rrors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division . . . (16) Error occurred in the entry of the plea."

The written judgment regarding habitual misdemeanor assault indicates that defendant pled guilty. Defendant argues he was not properly arraigned on the habitual misdemeanor assault charge and that the trial court erred in not discussing with him the effect of a stipulation to his prior convictions.

N.C. Gen. Stat. § 15A-928(a)-(c) (2003) provides:

(a) When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment or information for the higher offense may not allege the previous conviction. If a reference to a previous conviction is contained in the statutory name or title of the offense, the name or title may not be used in the indictment or information, but an improvised name or title must be used which labels and distinguishes the offense without reference to a previous conviction.

(b) An indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count. Except as provided in subsection (c) below, the State may not refer to the special indictment or information during the trial nor adduce any evidence concerning the previous conviction alleged therein.

(c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent.

The trial court did not inquire of defendant regarding the prior convictions alleged to establish habitual misdemeanor assault. Before imposing sentence the trial court asked defendant, "What do you have to say?" Defendant responded, "I ain't got really nothin to say . . . they know it all, you know. I mean what I say doesn't matter in this courthouse." Defendant contends the failure to arraign him or ask him whether he wanted the issue regarding his prior convictions submitted to a jury prejudiced his rights to a jury trial guaranteed by Article I, Section 24 of the North Carolina Constitution and by the Sixth and Fourteenth Amendments to the United States Constitution.

Our Supreme Court has stated:

The failure to conduct a formal arraignment itself is not reversible error. *State v. Smith*, 300 N.C. 71, 265 S.E.2d 164 (1980). The purpose of an arraignment is to allow a defendant to enter a plea and have the charges read or summarized to him and the failure to do so is not prejudicial error unless defendant objects and states that he is not properly informed of the charges. *State v. Small*, 301 N.C. 407, 272 S.E.2d 128 (1980).

*State v. Brown*, 306 N.C. 151, 174, 293 S.E.2d 569, 584, *cert. denied*, 459 U.S. 1080, 74 L. Ed. 2d 642 (1982).

This Court has stated and defendant concedes that "[w]here there is no doubt that a defendant is fully aware of the charge against him, or is in no way prejudiced by the omission of a formal arraignment, it is not reversible error for the trial court to fail to conduct a formal arraignment proceeding." *State v. McDonald*, 165 N.C. App. 239, 240, 599 S.E.2d 50, 52 (citing *State v. Jernigan*, 118 N.C. App. 240, 244, 455 S.E.2d 163, 166 (1995)), *disc. rev. denied*, 359 N.C. 195, 608 S.E.2d 60 (2004).

In *McDonald*, the defendant argued the trial court did not follow the procedure set forth in N.C. Gen. Stat. § 15A-928. *Id.* Defendant argued that the statute "requires the trial court to arraign defendant on the special indictment and to advise defendant that he may admit, deny, or remain silent on his previous convictions." *Id.* While the trial court failed to arraign the defendant and inform him of his right to remain silent, this Court held such failure was not reversible error. *Id.*

At trial, defendant requested that his prior convictions not be shared with the jury. Prior to the close of the State's evidence, defendant discussed the stipulation with his defense counsel. After consult-

ing with defendant, defense counsel affirmed on the record defendant's intent to stipulate to the prior convictions when he stated, "the prior convictions listed in count 2 of 04-CRS-11922 . . . For purposes of this trial and whether or not the State has to put on any evidence as part of his habitual case, he would stipulate to those convictions and not contest them." As this Court stated in *Jernigan*:

> [s]tatements of an attorney are admissible against his client provided that they have been within the scope of his authority and that the relationship of attorney and client existed at the time. In conducting an individual's defense an attorney is presumed to have the authority to act on behalf of his client.

118 N.C. App. at 245, 455 S.E.2d at 166 (citations omitted). The trial court's failure to formally arraign defendant did not rise to the level of prejudicial error to warrant a new trial. This assignment of error is overruled.

### VI.  Conclusion

The trial court possessed jurisdiction to proceed with defendant's trial of a charge of malicious conduct by a prisoner when the indictment did not specifically allege that he was "in custody." The trial court properly entered judgment for both malicious conduct by a prisoner and habitual misdemeanor assault even though substantially similar conduct was alleged in both indictments. The Legislature intended to punish two different types of behavior even though defendant's conduct was the same for both offenses.

A stipulation by defense counsel that defendant has been convicted of the prior misdemeanors alleged in an indictment charging habitual misdemeanor assault is sufficient to establish the prior conviction element of that charge without submission of that element for determination by the jury.

The trial court erred when it sentenced defendant as an habitual felon without express waiver of jury determination and admission of habitual felon status by defendant himself or a jury determination of habitual felon status. Defendant's habitual felon conviction is vacated, and we remand for resentencing. Defendant's remaining assignments of error are overruled.

No error in part, Vacated in part, and Remanded for Resentencing.

Judges JACKSON and SMITH concur.