Factual and Procedural Background
 

 Melvin Lamar Fields (Defendant) appeals from Judgments adjudicating him guilty of (1) Assault Inflicting Serious Bodily Injury and
 (2) Habitual Misdemeanor Assault. The Record before us demonstrates the following:
 

 On 15 August 2016, a Grand Jury indicted Defendant for Malicious Maiming of Privy Member and Assault Inflicting Serious Bodily Injury. On 6 February 2017, the Grand Jury entered a superseding indictment for Attempted Malicious Castration or Maiming of a Privy Member and Assault Inflicting Serious Bodily Injury. The Grand Jury additionally indicted Defendant for Assault, and for Habitual Misdemeanor Assault, a separate substantive offense. These indictments alleged, on 2 November 2015, Defendant attacked and tore the scrotum of A.R.,
 
 [1]
 
 a transgender woman. In advance of trial, Defendant stipulated to two prior misdemeanor assaults as elements of Habitual Misdemeanor Assault.
 

 At the close of the State's evidence, Defendant moved to dismiss the charges against him on the grounds of insufficiency of the evidence. Specifically, Defendant alleged the "evidence is insufficient as a matter of law on every element of each charge to support submission of the charge to the jury," and "there is a variance between the crime alleged in the indictment and the crime for which the State's evidence may have been sufficient for submission to the jury[.]" Defendant also argued, "as it relates to the attempted malicious maiming indictment, the [S]tate has failed to show there was ... any specific intent ... with malice to maim, disfigure, or render impotent" A.R., A.R. was "not permanently injured," and "the [S]tate has failed to show that there was serious bodily injury" to A.R. The trial court denied the Motion. Defendant declined to offer evidence on his own behalf and renewed his Motion to Dismiss, which the trial court again denied.
 

 The trial court submitted to the jury the two felony charges of Attempted Castration or Maiming and Assault Inflicting Serious Bodily Injury. Rather than submit the charge of Habitual Misdemeanor Assault, the trial court submitted the underlying predicate misdemeanor offense of Assault Inflicting Serious Injury, pursuant to
 
 N.C. Gen. Stat. § 14-33
 
 (c)(1).
 

 The jury returned verdicts finding Defendant not guilty of Attempted Castration or Maiming, guilty of Assault Inflicting Serious Bodily Injury, and guilty of Assault Inflicting Serious Injury. The jury further found as an aggravating factor Defendant took advantage of a position of trust or confidence to commit the offense.
 

 The trial court found Defendant had a prior felony record level of III. The court sentenced Defendant to a minimum of 19 months and a maximum of 32 months, in the presumptive range, for Assault Inflicting Serious Bodily Injury; and a minimum of 9 months and a maximum of 20 months, in the presumptive range, for Habitual Misdemeanor Assault; to be served consecutively in the custody of the North Carolina Department of Adult Correction. Defendant appeals.
 

 Issues
 

 The dispositive issues raised by Defendant in this case are: (I) Whether there was sufficient evidence of a "serious bodily injury" to submit the charge of Assault Inflicting Serious Bodily Injury to the jury; and (II) Whether the trial court erred in entering judgment on the Habitual Misdemeanor Assault conviction, predicated on the Defendant's conviction for misdemeanor Assault Inflicting Serious Injury, in light of Defendant's conviction for felony Assault Inflicting Serious Bodily Injury arising from the same conduct.
 

 Initials are used to protect the victim.
 

 Analysis
 

 I. Assault Inflicting Serious Bodily Injury
 

 In his first argument, Defendant contends the trial court erred in failing to dismiss the charge of Assault Inflicting Serious Bodily Injury. We disagree.
 

 A. Standard of Review
 

 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007).
 

 " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' "
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (quoting
 
 State v. Barnes
 
 ,
 
 334 N.C. 67
 
 , 75,
 
 430 S.E.2d 914
 
 , 918 (1993) ),
 
 cert. denied
 
 ,
 
 531 U.S. 890
 
 ,
 
 121 S.Ct. 213
 
 ,
 
 148 L.Ed. 2d 150
 
 (2000).
 

 B. Serious Bodily Injury
 

 Our General Statutes define the offense of Assault Inflicting Serious Bodily Injury as follows:
 

 Unless the conduct is covered under some other provision of law providing greater punishment, any person who
 assaults another person and inflicts serious bodily injury is guilty of a Class F felony. "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.
 

 N.C. Gen. Stat. § 14-32.4
 
 (a) (2017). Thus, the offense requires the State to show (1) an assault, and (2) the assault inflicted "serious bodily injury," as defined above. On appeal, as at trial, Defendant contends the State's evidence failed to establish this second element-whether Defendant's conduct resulted in "serious bodily injury."
 

 The evidence at trial tended to show after the assault, A.R. had a long rip in her genitals; A.R. required 15 stitches and pain medication; A.R. remained out of work for two weeks and upon return to work was placed on modified duties; A.R. continued to suffer pain for three months, and it was six
 months before the pain completely abated. A.R. has a large, jagged scar from the assault. Additionally, A.R.'s doctor testified an injury like A.R.'s "would be significantly painful[.]" However, Defendant contends A.R. suffered no serious, permanent disfigurement and no protracted condition causing her extreme pain.
 

 Our courts have consistently recognized whether a serious bodily injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions. Indeed, this Court has held a trial court properly denied a defendant's motion to dismiss under similar facts on numerous occasions. For example, we have held the State presented evidence of "serious bodily injury" sufficient for a jury to decide (1) where the victim testified his injuries were "very painful[,]" he suffered pain in his mouth for about a month, and a doctor testified those injuries caused "severe" and "extreme" pain,
 
 State v. Brown
 
 ,
 
 177 N.C. App. 177
 
 , 188,
 
 628 S.E.2d 787
 
 , 794 (2006) ; (2) where the victim suffered a broken jaw which was wired shut for two months, along with damage to his teeth, broken ribs, and back spasms requiring emergency room visits, and a doctor testified the victim's broken jaw could cause "quite a bit" of pain and discomfort,
 
 State v. Williams
 
 ,
 
 150 N.C. App. 497
 
 , 503-04,
 
 563 S.E.2d 616
 
 , 620 (2002) ; and (3) where the victim suffered broken bones in her face, a broken hand, a cracked knee, and an eye bruised so badly it was still problematic at trial, as well as pain lasting five to six weeks after the attack,
 
 State v. Jamison
 
 ,
 
 234 N.C. App. 231
 
 , 235-36,
 
 758 S.E.2d 666
 
 , 670 (2014).
 

 In the instant case, A.R.'s injury required stitches, pain medication, time off from work, and modified duties once she resumed work. Her pain lasted for as much as six months, and her doctor described it as "significantly painful." This evidence, taken together and giving the State the benefit of every reasonable inference, tends to show a "permanent or protracted condition that causes extreme pain." Moreover, the assault left A.R. with a significant, jagged scar, which would support a finding of "serious permanent disfigurement." Thus there is substantial evidence supporting a finding of "serious bodily injury" as defined by statute.
 
 N.C. Gen. Stat. § 14-32.4
 
 (a). Accordingly, we hold the trial court did not err in denying Defendant's motion to dismiss.
 

 II. Habitual Misdemeanor Assault
 

 In his second argument, Defendant contends there was insufficient evidence to submit the predicate misdemeanor of Assault Inflicting Serious Injury to the jury. Alternatively, Defendant contends once the jury returned its verdict, including finding Defendant guilty of the Class F felony of Assault Inflicting Serious Bodily Injury, the trial court was required to arrest judgment on misdemeanor Assault Inflicting Serious Injury and to not enter judgment on Habitual Misdemeanor Assault. Specifically, Defendant argues
 
 N.C. Gen. Stat. § 14-33
 
 (c) statutorily mandates he could not be convicted and sentenced for misdemeanor Assault Inflicting Serious Injury because he was convicted and sentenced for felony Assault Inflicting Serious Bodily Injury, which imposes greater punishment, for the same conduct.
 

 We summarily conclude, for the essential reasons stated in Section I, above, the evidence was sufficient to submit the issue of Assault Inflicting Serious Injury to the jury. We are, however, constrained to agree that once Defendant was convicted of a Class F felony assault, the trial court was required to arrest judgment on the misdemeanor assault conviction and not enter judgment on the charge of Habitual Misdemeanor Assault arising from the same assault.
 

 A. Preservation and Standard of Review
 

 Although Defendant did not object at trial to the trial court's entry of two separate assault judgments, "[w]hen a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial."
 
 State v. Lawrence
 
 ,
 
 352 N.C. 1
 
 , 13,
 
 530 S.E.2d 807
 
 , 815 (2000). We apply
 
 de novo
 
 review to Defendant's argument.
 
 State v. Jones
 
 ,
 
 237 N.C. App. 526
 
 , 532,
 
 767 S.E.2d 341
 
 , 345 (2014).
 

 B. Multiple Assaults Arising from the Same Conduct
 

 Our General Statutes codify Habitual Misdemeanor Assault as follows: "A person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 and causes physical injury, or G.S. 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation."
 
 N.C. Gen. Stat. § 14-33.2
 
 (2017). Habitual Misdemeanor Assault is a Class H felony.
 

 Id.
 

 The indictment charging Defendant with Habitual Misdemeanor Assault alleged: (I) Defendant assaulted A.R. inflicting serious injury to A.R.'s scrotum causing physical injury; and (II) Defendant had been convicted of two or more felony or misdemeanor assault offenses. Based on Defendant's stipulation to the two prior assault offenses, the only question for the jury on the Habitual Misdemeanor Assault charge was whether Defendant committed Assault Inflicting Serious Injury under
 
 N.C. Gen. Stat. § 14-33
 
 (c)(1).
 
 N.C. Gen. Stat. § 14-33
 
 (c)(1) provides, in relevant part:
 

 Unless the conduct is covered under some other provision of law providing greater punishment, any person who commits any assault ... is guilty of a Class A1 misdemeanor if, in the course of the assault ..., he or she:
 

 (1) Inflicts serious injury upon another person ...
 

 N.C. Gen. Stat. § 14-33
 
 (c)(1) (2017).
 

 The jury found Defendant guilty of Assault Inflicting Serious Injury. In addition, however, the jury returned a guilty verdict on Assault Inflicting Serious Bodily Injury, a Class F felony, for his assault on A.R. resulting in the same injury.
 
 See
 

 N.C. Gen. Stat. § 14-32.4
 
 (a).
 

 In
 
 State v. Jamison
 
 , this Court addressed the question of whether a defendant could be convicted and sentenced for both Assault Inflicting Serious Bodily Injury and a misdemeanor assault under
 
 N.C. Gen. Stat. § 14-33
 
 (c). This Court reviewed the statutory mandate of
 
 N.C. Gen. Stat. § 14-33
 
 (c) and, in particular, the prefatory clause: "Unless the conduct is covered under some other provision of law providing greater punishment ...."
 
 Jamison
 
 ,
 
 234 N.C. App. at 238
 
 ,
 
 758 S.E.2d at 671
 
 . This Court held the prefatory language "unambiguously bars punishment for [a lesser class of assault] when the conduct at issue is punished by a higher class of assault."
 
 Id.
 
 at 239,
 
 758 S.E.2d at 671
 
 . Thus, this Court concluded the statute mandated a defendant could not be convicted
 and sentenced for both felony Assault Inflicting Serious Bodily Injury under
 
 N.C. Gen. Stat. § 14-32.4
 
 (a) and misdemeanor Assault on a Female under
 
 N.C. Gen. Stat. § 14-33
 
 (c)(2) for the same conduct. Because the trial court entered judgment on both felony and misdemeanor assault for the same conduct, this Court arrested judgment on the misdemeanor assault charge.
 

 Applying
 
 Jamison
 
 to this case, where the jury returned its verdict finding Defendant guilty of Assault Inflicting Serious Bodily Injury, a higher class of assault providing for punishment as a Class F felony, under the plain language of
 
 N.C. Gen. Stat. § 14-33
 
 (c), the trial court could not impose judgment or sentence for Assault Inflicting Serious Injury, a lesser class of assault arising from the same conduct. Thus, the trial court was required to arrest judgment on Assault Inflicting Serious Injury and instead enter judgment solely on the higher Class F felony.
 
 See
 

 Jamison
 
 ,
 
 234 N.C. App. at 239
 
 ,
 
 758 S.E.2d at 672
 
 . As such, it follows, the trial court was then precluded from entering judgment on the Habitual Misdemeanor Assault charge expressly predicated on the misdemeanor assault charge. Rather, the statutory mandate of
 
 N.C. Gen. Stat. § 14-33
 
 (c), governing the predicate misdemeanor assault, requires Defendant be sentenced only for the assault conviction imposing greater punishment for the same conduct, here felony Assault Inflicting Serious Bodily Injury.
 

 The State contends, however, the jury's finding on misdemeanor Assault Inflicting Serious Injury was used only for the purpose of establishing one element of the separate offense of Habitual Misdemeanor Assault. The State draws comparisons to habitual felon
 status, suggesting Habitual Misdemeanor Assault is simply intended to enhance punishment and thus may be imposed in addition to another assault charge arising from the same conduct.
 

 However, "[u]nlike habitual felon status, habitual misdemeanor assault is a substantive offense
 
 and
 
 a punishment enhancement (or recidivist, or repeat-offender) offense."
 
 State v. Sydnor
 
 ,
 
 246 N.C. App. 353
 
 , 356,
 
 782 S.E.2d 910
 
 , 913 (2016) (citations and quotation marks omitted);
 
 compare
 

 State v. Priddy
 
 ,
 
 115 N.C. App. 547
 
 , 549,
 
 445 S.E.2d 610
 
 , 612 (1994) (holding Habitual Impaired Driving, unlike Habitual Felon status, is "a separate felony offense," and not "solely a punishment enhancement status"). In essence, the offense of Habitual Misdemeanor Assault replaces the underlying predicate misdemeanor, elevating the same conduct to a felony based on a defendant's prior assault convictions. Thus, for example, in
 
 State v. Jones
 
 , this Court recognized "the trial court could not administer punishment for both habitual misdemeanor assault, a
 Class H felony, and assault on a female, a class A1 misdemeanor" resulting from the same conduct.
 
 237 N.C. App. at 533
 
 ,
 
 767 S.E.2d at 345
 
 . The rationale in
 
 Jones
 
 was again premised on "the unambiguous phrase '[u]nless the conduct is covered under some other provision of law providing greater punishment[,]' in G.S. 14-33(c)."
 
 Id
 
 . We therefore vacated the conviction for Assault on a Female and remanded for resentencing on Habitual Misdemeanor Assault.
 

 This is consistent with longstanding precedent holding a defendant may not be charged with multiple classes, or multiple charges of the same class, of assault arising from a single assault. For example, in
 
 State v. Dilldine
 
 , this Court noted it was improper for a defendant to be separately charged with Assault with Intent to Kill and Assault with Intent to Kill Inflicting Serious Injury arising from a single assault.
 
 22 N.C. App. 229
 
 , 231,
 
 206 S.E.2d 364
 
 , 366 (1974) ;
 
 see also
 

 State v. Maddox
 
 ,
 
 159 N.C. App. 127
 
 , 132,
 
 583 S.E.2d 601
 
 , 604 (2003) ("In order for a defendant to be charged with multiple counts of assault, there must be multiple assaults").
 

 It follows, therefore, a defendant may not be convicted and sentenced for two substantive assault charges arising from a single assault. In this case, the indictments cited only one assault resulting in the same injury. Likewise, the trial court's instructions to the jury for both offenses relied upon whether Defendant "assaulted the victim by intentionally causing a tear in the alleged victim's scrotum[.]" Thus, in this case, Defendant could not be convicted and sentenced for both the substantive assault charge of Habitual Misdemeanor Assault, predicated on misdemeanor Assault Inflicting Serious Injury, and the higher Class F felony Assault Inflicting Serious Bodily Injury, both arising from the assault on A.R. leading to the same injury.
 
 See
 

 Jones
 
 ,
 
 237 N.C. App. at 533
 
 ,
 
 767 S.E.2d at
 
 345 ;
 
 Jamison
 
 ,
 
 234 N.C. App. at 239
 
 ,
 
 758 S.E.2d at 671
 
 . Consequently, we must hold, because the jury returned its verdict finding Defendant guilty of felony Assault Inflicting Serious Bodily Injury, the trial court erred in entering judgment and sentencing Defendant for Habitual Misdemeanor Assault predicated on misdemeanor Assault Inflicting Serious Injury arising from the same conduct. Accordingly, we vacate the trial court's judgment as to Habitual Misdemeanor Assault (17 CRS 444).
 
 [2]
 

 Conclusion
 

 We conclude there was no error in the trial court's judgment on the charge of Assault Inflicting Serious Bodily Injury (15 CRS 59893) but vacate the trial court's judgment on the charge of Habitual Misdemeanor Assault (17 CRS 444).
 

 NO ERROR IN PART, VACATED IN PART.
 

 Judge ZACHARY concurs.
 

 Judge BERGER concurs in part and dissents in part in a separate opinion.
 

 We do not remand for resentencing because the trial court imposed the sentence for Habitual Misdemeanor Assault to run consecutively from the separate judgment and sentence for the higher Class F felony Assault Inflicting Serious Bodily Injury.
 

 BERGER, Judge, concurring in part and dissenting in part.
 

 I concur with the majority that there was substantial evidence to support submission to the jury of the charge of assault inflicting serious bodily injury. I respectfully dissent from the remainder of the majority opinion because the trial court did not err.
 

 Judgment was entered against Defendant for assault inflicting serious bodily injury and habitual misdemeanor assault. Defendant argues that the trial court erred by (1) punishing him for assault inflicting serious injury and assault inflicting serious bodily injury arising out of the same conduct, (2) failing to arrest judgment on "one of the assault convictions," and (3) convicting Defendant of a principle offense and lesser-included offense arising out of the same conduct. Defendant essentially is attacking his conviction on double jeopardy grounds from three different directions.
 

 "[H]abitual misdemeanor assault is a substantive offense
 
 and
 
 a punishment enhancement (or recidivist, or repeat-offender) offense."
 
 State v. Carpenter
 
 ,
 
 155 N.C. App. 35
 
 , 49,
 
 573 S.E.2d 668
 
 , 677 (2002) (citation and quotation marks omitted);
 
 see also
 

 State v. Smith
 
 ,
 
 139 N.C. App. 209
 
 , 212-14,
 
 533 S.E.2d 518
 
 , 519-20 (2000). In relevant part, an individual may be found guilty of habitual misdemeanor assault if that person commits an assault set forth in
 
 N.C. Gen. Stat. § 14-33
 
 which causes physical injury, and that individual "has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation."
 
 N.C. Gen. Stat. § 14-33.2
 
 (2017). Assault inflicting serious injury is an offense set forth in Section 14-33(c)(1), and thus, an element of habitual misdemeanor assault.
 

 The majority correctly notes that the prefatory clause to Section 14-33 states "[u]nless the conduct is covered under some other provision of law providing greater punishment,"
 
 N.C. Gen. Stat. § 14-33
 
 (c) (2017), and that this language precludes punishment for lower class assaults when the conduct at issue "is punished by a higher class of assault." (Citation omitted.) The majority would be correct if Defendant here were being punished for assault inflicting serious bodily injury and the A1 misdemeanor of assault inflicting serious injury pursuant to Section 14-33.
 

 However, Defendant here was convicted and punished pursuant to Section 14-33.2, which contains no such prefatory language, and thus, does not preclude punishment for conduct "covered under some other provision of law providing greater punishment."
 
 N.C. Gen. Stat. § 14-33
 
 (c). As the majority correctly points out "the offense of Habitual Misdemeanor Assault replaces the underlying predicate misdemeanor." Thus, the prefatory language which supports the majority's reasoning is inapplicable.
 

 Assault inflicting serious bodily injury is a substantive offense defined as an assault in which an individual inflicts "bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization."
 
 N.C. Gen. Stat. § 14-32.4
 
 (a) (2017).
 

 No person may be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Constitution, Amend. V. In
 
 Blockburger v. United States
 
 , the Supreme Court stated that
 

 the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.
 

 State v. Artis
 
 ,
 
 174 N.C. App. 668
 
 , 674,
 
 622 S.E.2d 204
 
 , 209 (2005) (quoting
 
 Blockburger v. United States
 
 ,
 
 284 U.S. 299
 
 , 304,
 
 52 S.Ct. 180
 
 ,
 
 76 L.Ed. 306
 
 (1932) ).
 

 "North Carolina has adopted and applied the
 
 Blockburger
 
 test" to determine if double jeopardy concerns are implicated in the punishment
 of multiple offenses.
 

 Id.
 

 The North Carolina Supreme Court has stated that
 

 even where evidence to support two or more offenses overlaps, double jeopardy does not occur unless the evidence required to support the two convictions is identical. If proof of an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same.
 

 Id
 
 . (
 
 quoting
 

 State v. Murray
 
 ,
 
 310 N.C. 541
 
 , 548,
 
 313 S.E.2d 523
 
 , 529 (1984) ).
 

 In
 
 State v. Artis
 
 , the defendant was charged with malicious conduct by a prisoner and habitual misdemeanor assault arising from the same conduct. The conduct alleged in both indictments read:
 

 the defendant named above unlawfully, willfully, and feloniously did assault S.E. McKinney, a government officer at the Pitt County Detention Center, Greenville, North Carolina ... by throwing bodily fluid on S.E. McKinney. At the time of the assault S.E. McKinney was performing a duty of his office by supervising the dispensing of food to the defendant.
 

 Id.
 

 This Court stated that "[c]onvictions arising from the same incident or similar conduct for both do not violate the double jeopardy clause."
 
 Id
 
 . at 676,
 
 622 S.E.2d at 210
 
 .
 

 Such is the case here. Defendant was indicted for assault inflicting serious bodily injury and habitual misdemeanor assault. The allegations in both indictments were that Defendant assaulted the victim and caused tearing to victim's scrotum.
 
 [3]
 
 Even though the allegations in the indictments concerning the assault and resulting injury were identical, the two substantive offenses required proof of different facts. Assault inflicting serious bodily injury required the State to prove beyond a reasonable doubt that the Defendant committed an assault upon the victim which inflicted serious bodily injury. Even though habitual misdemeanor assault has as an element the lesser included offense of assault inflicting serious injury, it is a substantive offense which also required proof of physical injury and "two or more prior convictions for either
 misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation."
 
 N.C. Gen. Stat. § 14-33.2
 
 .
 

 Because habitual misdemeanor assault is a substantive offense which required proof of additional facts and elements beyond that necessary for conviction of assault inflicting serious bodily injury, I would find that the trial court did not err.
 

 The indictment for assault inflicting serious bodily injury alleged that the tear to the victim's scrotum was serious bodily injury, while the indictment for habitual misdemeanor assault alleged that the Defendant inflicted serious injury and physical injury as a result of the tear in his scrotum.